JAMES F. WHITE, plaintiff in error, *vs.* FRANCIS REVIERE, administrator, defendant in error.

1. An administrator who sold and conveyed land prior to the adoption of the Code, was entitled to the same equitable lien for the purchase money as other vendors.

2. Exceptions to an auditor's report need not set forth any of the evidence; more especially, where the auditor himself has reported all the evidence and thus made it part of the record.

3. The burden of showing error in the report is on the excepting party; and, upon exceptions of fact, when he fails, for any cause, to convince the court, he is entitled to trial by jury, with the report as *prima facie* evidence against him.

4. An exception of fact is sufficiently specific when it points out the particular sum which the auditor should have allowed as a credit for "insolvent notes and accounts" instead of the sum which he did allow. So, too, is an exception which complains that a certain amount should have been debited for "county scrip," and a certain other amount for "notes not appraised." So, too, is an exception which complains that the "value of the estate" was charged at a given sum, when it should have been charged at a certain other sum. So, too, is an exception which complains that certain notes should have been credited to the objecting party before certain other notes.

5. An exception is too general and indefinite which merely alleges error because "the proof shows that defendant is not indebted to the complainant but that complainant is indebted to the defendant."

6. The auditor or master has no power to decide on a demurrer to the bill.

Administrators and executors. Vendor and purchaser. Lien. Auditor. Practice in the Superior Court. Before Judge WRIGHT. Upson Superior Court. November adjourned Term, 1875.

Francis Reviere, as administrator of Thomas W. Reviere, deceased, filed his bill against James F. White, to enforce the vendor's lien as against certain land sold to defendant on or about the 2d of October, 1860. Three notes were given for the purchase money, two for $1,200 00 each, due respectively on December 25th, 1861, and December 25th, 1862, and one for $1,210 00, due December 25th, 1863.

The defendant demurred to the bill upon the ground that an administrator selling land was not entitled to a vendor's

lien. He also answered, setting up that at the time of the aforesaid purchase, it was agreed that the aforesaid notes should be taken up by him when due as a part of his distributive share, in right of his wife, in the estate of the intestate. He also alleged, by way of cross-bill, that complainant, upon a fair settlement, would be found indebted to him, in right of his wife, in a large sum, for which he prayed a decree, etc.

To this cross-bill complainant filed his answer, setting forth, in full, his actings and doings as administrator.

The case was referred to an auditor with the powers of a master in chancery, who reported, in substance, as follows :

| | | | | |
|---|---|---|---|---|
| On January 1st, 1863, complainant was indebted to defendant . | | | | $4,967 50 |
| Credits of that date. | Amount paid White in negroes . | $3,735 00 | | |
| " " | White's note to Hightower paid | 185 00 | | |
| " " | White's note to Florence paid . | 89 38 | | |
| " " | White's note to Adams paid . . | 50 00 | | |
| " " | One-fifth of attorney's fees, etc.. | 78 12 | | |
| | | $4,137 50 | | |
| Amount due defendant to balance . . . . . . | | 830 00—$4,967 50 | | |

On January 1st, 1863, defendant was indebted to complainant $3,610 00 principal, and $252 00 interest, on the three notes given for the purchase of land above set forth. Deducting from these sums the aforesaid $830 00, leaves due to complainant, on the date aforesaid, $3,032 00. Recommends that decree be passed, in accordance with report, making the aforesaid land subject thereto, and directing that the same be sold.

Overrules the demurrer.

The report showed in detail the calculations by which the results above indicated were reached. Accompanying it, and made a part thereof, was the evidence introduced before the auditor, deemed immaterial here.

The defendant excepted to the report upon the following grounds, to-wit :

1st. Because the auditor overruled the demurrer to complainant's bill ; and because he refused to dismiss the same, it appearing from the charges therein contained, and from the

testimony accompanying the auditor's report, that complainant did not have a vendor's lien on the land purchased by defendant.

2d. Because said auditor allowed to complainant the following credit, to-wit: For insolvent notes and accounts $2,-106 05, when there should have been allowed only $849 48, being an error against complainant of one-fifth of the difference between the two items, with interest. He failed to charge the complainant with $128 75 for county scrip, with interest from November 7th, 1860, and $353 81 for notes not appraised, with interest, to one-fifth of which amounts defendant was entitled.

3d. Because said auditor only charged the value of the estate which went into complainant's hands at the principal sum of $23,459 27, with interest amounting to $1,378 29, making a total charge of $24,837 53, when he should have debited said complainant with the principal sum of $33,-862 62, less insolvent debts, amounting to $2,106 05, leaving balance of $31,756 57, making a difference against defendant of one-fifth of $8,297 10, with interest.

4th. Because said creditor first charged defendant with $3,735 00 for the purchase of negroes from said estate and credited said item to complainant, when the notes in controversy should have been first charged to defendant as a portion of his distributive share, said notes having been given to complainant simply as vouchers.

5th. Because the finding of the auditor was erroneous, as the proof shows that defendant is not indebted to complainant, but that the latter is indebted to him.

6th. Because the auditor decided illegally in finding in favor of the vendor's lien.

In support of the 2d, 3d, 4th and 5th exceptions, the defendant refers to the evidence accompanying the auditor's report and made a part of the same. In support of all of the exceptions defendant refers to the admissions made in the pleadings of complainant.

The complainant demurred to the exceptions. The demur-

White *vs.* Reviere.

rer was sustained to the first five as not being sufficiently specific, and because the evidence in support thereof was not sufficiently set forth in said exceptions. It was further ordered that the sixth exception be overruled, that the report of the auditor be approved, and that complainant have leave to proceed to the jury with said report, and with such other legal proofs as may be desired.

To this ruling defendant excepted.

The demurrer to the bill originally filed was then heard and overruled, and defendant excepted.

A verdict was taken in accordance with said report and a decree rendered.

Error is assigned upon each of the aforesaid grounds of exception.

J. A. COTTEN, for plaintiff in error.

SPEER & STEWART; E. W. BECK; C. PEEPLES; E. N. BROYLES, for defendant.

BLECKLEY, Judge.

In this state, when an administrator sells land upon credit, he may or may not take security for the purchase money. Failing to take security, he acts at his peril; but this ought not to put him in a worse condition than other vendors. His equity against the purchaser is as strong as theirs. With the purchase money unpaid, the purchaser from an administrator has no better right to hold the land exempt from the claim for such money, than has any other purchaser. We do not see that the administrator's equity is the least weakened by the fact that he has title to land only for the purpose of administration, and that the beneficial interest, as well as the general legal title, is in the distributees. Whether we regard the protection of the administrator, or the protection of those for whose ultimate benefit he acts, there is equal reason for holding the land subject to pay for itself as against the purchaser. The *principle* of equitable lien is in the transaction.

The administrator is the vendor. Before selling he has title upon which he could recover in ejectment: Code, sec. 2246; 3 *Kelly*, 105; 14 *Georgia Reports*, 145; 20 *Ibid.*, 135. The Code abolished the vendor's equitable lien; but this provision was not retroactive: 34 *Georgia Reports*, 386. And the conveyance, in the present case, was prior to the Code.

Several points of practice were ruled by the court, all of which appear at sufficient length in the head-notes.

Judgment reversed.