## The Perseverance Mining Company *v.* Bisaner.

1. Where the order appointing an auditor empowered him to fix the time and place of hearing and he fixed a place outside of the county of the suit, and the defendant's counsel appeared at that place without objection and moved to continue the case, which was done, the auditor appointing another time at the same place, it was too late at the second meeting for the defendant to object to proceeding with the trial on the ground that the auditor could have no authority to sit outside of the county of the suit. Whether without consent of parties an auditor can sit outside of the county where the case is pending, to hear and determine it, is not decided. (R.)

2. Though the act incorporating the defendant provides that for all judicial purposes its location shall be in a county other than that in which the suit has been brought, it waives the jurisdiction by not pleading thereto and by filing a plea to the merits. (R.)

3. If the declaration be insufficient, it should be demurred to before the judge of the superior court, before reference of the case to an auditor (R.)

4. The suit having been brought against the defendant as a corporation, and it having pleaded as such, parol evidence to prove that

v 87·13

it was a corporation, though inadmissible, did not prejudice any of its rights. (R.)

5. It was not error to overrule a motion to suspend the hearing, that the evidence might be written out so that the defenda it could use it in moving for a nonsuit. (R.)

6. An auditor has no more power to grant a nonsuit than to sustain a demurrer to the declaration. (R.)

7. The auditor's finding that the declaration sufficiently set forth the allegations, was immaterial and irrelevant. (R.)

8. No plea to the jurisdiction having been filed, the auditor's finding that the court in which the suit was brought had jurisdiction, was immaterial. (R.)

9. It not appearing that the plaintiff knew of certain memoranda or ever received the money charged to him thereby, this court cannot say that the auditor erred in not charging him with the amounts therein set out. (R.)

10. There was evidence to sustain the findings of the auditor upon the questions of fact made in the exceptions. (R.)

May 6, 1891.

Auditors. Practice. Waiver. Jurisdiction. Demurrer. Evidence. Nonsuit. Before Judge BOYNTON. Pickens superior court. September term, 1890.

Reported in the decision.

J. H. LUMPKIN, C. D. PHILLIPS and H. C. PEEPLES, for plaintiff in error.

CLAY & BLAIR, contra.

SIMMONS, Justice.

Bisaner sued the Perseverance Mining Company in the superior court of Pickens county, upon an account for twelve months' services rendered the company as superintendent in the year 1885, and the month of January, 1886. The suit was filed on the 5th day of April, 1887. On the 28th day of April, 1887, the company filed the plea of the general issue, and a special plea that the plaintiff had failed to account for $1,000 which had been sent him to expend for the company. At the April term, 1889, upon motion of the defendant and by consent of counsel for the plaintiff, the case was referred to an auditor, with power given to the auditor

to fix a time and place of hearing. In pursuance of this order, the auditor fixed as the time of hearing June 27th, and as the place Marietta, in Cobb county. On the day fixed for the hearing, the counsel for both parties were present, and on motion of the defendant the case was continued until July thereafter, and the order recited that it was to be heard in Marietta, Ga. On July 10, counsel for the defendant appeared and objected to proceeding with the trial, except upon condition that should they desire to controvert any of the evidence that might be introduced for the plaintiff by witnesses residing in Pickens county, the trial should be transferred to that county for the purpose of obtaining the testimony of such witnesses. This objection was made upon the ground that the auditor could have no authority to sit outside of Pickens county except by the consent of counsel. The objection was overruled, and this is the ground of the first exception to the auditor's report. Without deciding now whether, without consent of parties, an auditor appointed by the court can sit outside of the county where the case is pending, to hear and determine the case, it is sufficient to say that we think the objection came too late. The order gave the auditor power to fix the time and place of hearing. He fixed the time, and appointed as the place Marietta, Ga., outside of Pickens county where the suit was pending. Counsel for the defendant appeared at that time and place and made no objection, but moved to continue the case, which was done, and the time and place were again fixed by the auditor without objection on the part of the defendant or its counsel. If the defendant intended to make this point, it should have done so at that time and not moved to continue the case and put the plaintiff and his counsel to the trouble and expense of again attending at Marietta. By not objecting at the proper time, we think he waived it, and it was too late at the next meeting to make the objection.

When this motion was overruled, counsel for the defendant objected to proceeding with the trial, and moved to dismiss the case for want of jurisdiction, on the ground that the act incorporating the Perseverance Mining Company provides that for all judicial purposes the location of said company shall be in Paulding county. This motion was also overruled, and this is made the ground of the second exception to the auditor's report. The trial judge did not err in disallowing this exception. The above recital of facts shows that the defendant had not filed any plea to the jurisdiction in the superior court, but had filed a plea to the merits of the case, and thereby waived the jurisdiction.

Before the introduction of any evidence, counsel for the defendant demurred to the declaration filed in the case, and the demurrer was overruled. This made the ground of the third exception to the auditor's report. We know of no law authorizing an auditor to hear and determine a demurrer to the declaration. If the declaration was insufficient, the demurrer should have been made to the superior court before a reference to an auditor was applied for. If this demurrer had been good in law, the judge would have sustained it and dismissed the case, and saved the trouble and expense of a hearing before an auditor. *Ayers* v. *Daly,* 56 *Ga.* 119 ; *White* v. *Reviere,* 57 *Ga.* 386.

After these preliminary motions were disposed of as above stated, the plaintiff introduced his testimony and was allowed to testify that the Perseverance Mining Company was a corporation. This was objected to by the defendant, and the objection was overruled, and this is made the ground of the 4th exception to the auditor's report. The trial judge also disallowed this exception, holding that it was immaterial and could not affect the final result. We agree with him in this view of the case. It could not possibly have damaged the

defendant. The suit was brought against it as a corporation, and it filed its pleas as a corporation. And while it may have been improper to allow the plaintiff to prove by parol that it was a corporation, and such testimony should have been ruled out, it was not such an error as to prejudice any of the defendant's rights, and therefore should not result in a reversal.

At the close of the plaintiff's testimony, the defendant's counsel moved that the hearing be suspended until the evidence introduced by the plaintiff could be written out, in order that the same might be used in a motion to nonsuit the plaintiff, which motion the defendant's counsel desired to make; and the refusal of the auditor to suspend the case for this purpose is made the ground of the 5th exception. The defendant then moved for a nonsuit on the ground that the plaintiff had failed to show that the defendant was a corporation, or that the contract sued on was made by an agent or officer authorized to contract for the defendant; and the overruling of this motion is made the ground of the 6th exception to the auditor's report. To move to suspend a case that the evidence might be written out, so that the defendant could use it in making a motion for a nonsuit, was rather an extraordinary motion, and we doubt that any such motion was ever made before, and are sure that such a motion was never granted by a court at the request of counsel. Nor do we suppose any auditor ever granted a nonsuit on motion of the defendant's counsel. An auditor would have no more right or power to grant a nonsuit than to sustain a demurrer to the declaration. His duty is to take the testimony and report to the court his conclusions thereon and his views of the law governing the case.

The 7th exception complains that the auditor erred in deciding that the declaration in the case sufficiently set forth the allegations. This was an immaterial and ir-

relevant finding. As we have just shown, the sufficiency of the pleadings was not referred to the auditor, and any finding or conclusion that he made concerning the same was immaterial and irrelevant.

It is complained in the 8th ground that the auditor erred in finding that the superior court of Pickens county had jurisdiction both of the parties and the subject-matter. This was also an immaterial and irrelevant finding. There was no plea filed to the jurisdiction of the court, but, as we have before remarked, a plea to the merits was filed. There being no plea to the jurisdiction of the court, the finding of the auditor that the superior court of Pickens county had jurisdiction was immaterial.

The 9th exception complains that the auditor found that the memoranda of the defendant were not sufficient, under the evidence in connection therewith, to fix liability on the plaintiff for money received by him. This exception was disallowed by the trial judge as an exception of fact. After reading the memoranda of Harrison, we think the auditor was right in holding that they were not sufficient to bind the plaintiff. They were memoranda made by Harrison and kept by him, and it is not shown that the plaintiff knew of them or ever received the money charged to him thereby; and we cannot say that the auditor erred in not charging the plaintiff with the amounts set out in the memoranda, or that the trial judge erred in disallowing this exception.

The other grounds in the original and amended exceptions not herein discussed are all questions of fact. The main point insisted upon here by counsel for the plaintiff in error was that Bisaner was not employed by the company until July, 1885, and that the auditor found that he was employed from the 1st of April of that year. We have read the evidence carefully, and

while it is conflicting upon this point, and while the weight of the testimony seems to be in favor of the contention of the plaintiff in error, yet there is evidence on the part of the defendant in error tending to show that he was employed by the company for the time allowed by the auditor. He testified that Harrison was vice-president of the company before its reorganization, and employed him at $75 per month as superintendent of the mining company. He shows by his own testimony and that of others that he was at the place of business of the company in April, and was attending to the duties of superintendent. The testimony of the defendant also shows that he was there, but denies that he was employed by the company. The auditor found that he was so employed from April; the evidence was reported to the court and submitted to the judge to pass on without the intervention of a jury, and the judge found the same as the auditor did. We cannot say, therefore, that there was no evidence to sustain their finding upon this or the other questions of fact made in the exceptions. We therefore affirm the judgment.                        *Judgment affirmed.*