### HEALEY v. HUMPHREY et al.

(Circuit Court of Appeals, Ninth Circuit. June 28, 1897.)

No. 333.

1. JUDGMENT—EJECTMENT—RENTS—JURISDICTION.
    When an action in the circuit court to recover the possession of land situated in another district is joined with an action for rents, issues, and profits of the land, that part of the judgment rendered for the value of the rents is within the jurisdiction of the court, and is valid.

2. COURTS—VENUE IN REPLEVIN—LAW OF NEVADA.
    The circuit court for the district of Nevada has jurisdiction in a replevin action though the property sought to be recovered is in another state, under Gen. St. Nev. 1885, §§ 3040–3042, which provide that the action may be brought wherever the defendant resides, and, if he be nonresident, in any county which the plaintiff may designate in his complaint.

Appeal from the Circuit Court of the United States for the District of Nevada.

This was a suit in equity by M. Healey against G. M. Humphrey, the Bullion & Exchange Bank, and others, to enjoin the enforcement of two judgments. There was a decree dismissing the bill, and complainant appeals.

E. V. Spencer, for appellant.
Trenmor Coffin, for appellees.

Before GILBERT and ROSS, Circuit Judges, and MORROW, District Judge.

GILBERT, Circuit Judge. This is an appeal from a decree of the circuit court of the United States for the district of Nevada dismissing the appellant's bill, which he brought to enjoin the appellees from enforcing two certain judgments which had been rendered in that court. The bill alleged that on March 21, 1893, the defendant the Bullion & Exchange Bank commenced an action against the complainant and another to recover possession of certain lands situate, not in Nevada, but in California, and that the answer in the action admitted that the lands were without the state of Nevada; that judgment was thereafter rendered in favor of the plaintiff for the recovery of the possession of the land, and for the sum of $962.50, the value of the rents, issues, and profits thereof; that on said March 21,

1893, the said Bullion & Exchange Bank, together with James Marshall, commenced an action against the complainant and one Otto for the recovery of the possession of certain personal property, or, in case possession thereof could not be had, then for the value thereof, and alleging that the personal property was in the county of Lassen, state of California, which fact was admitted in the answer; that at the time of the commencement of said action the said personal property was in fact so situated in the state of California; that in said action judgment was given for the plaintiffs and against the defendants for the possession of said personal property, and, in case the possession thereof could not be had, for its value in the sum of $6,312. The bill further alleged that the said circuit court of the United States for the state of Nevada had no jurisdiction of the subject-matter of either of said actions, for the reason that the property involved in each case was situate within the state of California; that on May 12, 1896, the said Bullion & Exchange Bank, being then the owner of both the said judgments, had caused executions to issue thereon, and had placed the writs in the hands of the defendant Humphrey, the marshal of said district of Nevada, and that under said writs the marshal had levied upon certain money and property belonging to the complainant, and threatened to and intended to enforce said judgments unless restrained by injunction. The answer admitted the facts substantially as above set forth, and upon the hearing on bill and answer a decree was entered dismissing the complainant's bill. The question presented for our determination on appeal is whether or not the enforcement of the judgments should have been enjoined for the reason that the property which was the subject of the actions was, when the actions were commenced, and thereafter remained, without the territorial jurisdiction of the circuit court.

Concerning the judgment for rents, issues, and profits of the land in the ejectment suit, we find no difficulty in concluding that, while the action of ejectment is local, and the circuit court for the district of Nevada was powerless to enter a judgment that could affect the possession of land in another district, yet the action with which it was joined—the action for rents, issues, and profits of the land—is transitory, and could be brought in the district of Nevada as well as elsewhere, and that that portion of the judgment is valid and enforceable by execution.

The second action is an action in replevin. This, at the common law, was a local action. It is made local likewise by most of the statutes of the states, by the provisions of which the venue in replevin is required to be laid in the county where the property is situate at the time of the commencement of the action. In the case before us it appears that no question was raised of the jurisdiction, and that the parties, so far as they could do so, waived all objections to the power of the court to hear and determine the matter in issue. There is authority for holding that, if the defendant in replevin neglect to plead to the jurisdiction the fact that a local action has been laid in the wrong venue, or if he go to trial upon the merits without raising the objection, he loses the benefit thereof. 1 Chit.

Pl. 427; Craft v. Boite, 1 Saund. 247; Keller v. Miller, 17 Ind. 206; Mining Co. v. Bisaner, 87 Ga. 193, 13 S. E. 461. But it is not necessary to rest the decision of this question upon so narrow a ground. Whether we measure the jurisdiction of the circuit court of the United States for the district of Nevada by the statutory provisions of that state or by the common-law rule, there is nothing in the bill before us to show that the circuit court had not jurisdiction of the action of replevin which is therein referred to. By the statute of Nevada (sections 3040–3042, Gen. St. 1885) the action of replevin, which is there denominated "claim and delivery," is made transitory, and it is provided that it may be brought wherever the defendant resides, or, if he be a nonresident, in any county which the plaintiff may designate in his complaint. By the common law the action of replevin was local, it is true, but the venue was laid, not in the county where the property was situated at the time of the commencement of the action, but in the county in which it was when taken by the defendant. 1 Chit. Pl. 385. In Gould, Pl. c. 3, § 2, it is said:

"In declaring in replevin it is necessary to describe and to describe truly the locus in quo,—i. e. the close, house, or common in which the cattle or goods in question were taken by the defendant,—and as the necessity of alleging the true place of caption involves the necessity of laying the true town, parish, or village, and of course the true county, the venue and county, as well as the close, etc., are consequently material, and the action of necessity local."

The bill does not inform us in what jurisdiction the property involved in the action of replevin was situated when taken by the defendant. For aught that appears to the contrary, it was then in the state of Nevada, and was thereafter taken by him into California. The presumption is that the court had jurisdiction, and that the judgment was valid. Evers v. Watson, 156 U. S. 527, 15 Sup. Ct. 430.

It is urged that the circuit court of the district of Nevada is powerless to enforce the judgment in the replevin action, because the personal property which is the subject of that action is not within the reach of the process of the court, and that the alternative judgment for the money cannot be enforced until after the failure of due process to recover the personal property. This argument involves a misconception of the force and effect of the judgment in replevin. It is a judgment which demands the return of personal property, or, in case the possession cannot be had, the payment of its value in a fixed sum. Whatever may be the right of the plaintiff generally in such a judgment to take the personal property in preference to its fixed value in cases in which the possession can be had, his option, if he have one, is certainly lost in a case in which he cannot obtain the possession, and there is nothing left him but to enforce the money judgment. But in the state of Nevada it has been held that the defendant in an action of this kind always has the right, if the property has not been delivered, to deliver it himself, and in such case it is not at the plaintiff's option to take the property or its value. If he cannot get the property, then he may claim its value, but not otherwise. Carson v. Applegarth, 6 Nev. 189. The right, therefore, of the plaintiff in the writ to issue the execution for the adjudged money value does not depend upon his first pursuing the property upon

the writ. The option to deliver the property in satisfaction of the writ, and thereby to relieve himself from the burden of paying its assessed value, rests with the defendant. If he choose to surrender the property, he may do so; and in this case he can as well surrender it if it be situate in California as he can if it be in Nevada, since it is under his control. If he fail to surrender it, he cannot complain if he is required to pay its value. In this case he has failed to exercise his option to surrender the property for a period of two years after the date of the judgment, and there is no ground in law or in equity upon which he may now be relieved from the judgment for its assessed value. The decree will be affirmed, with costs to the appellees.