## 704. SAPP *v.* PARRISH.

1. Process bearing teste in the name of the judge, though his official title is not also given, is not void. A general appearance waives not only all defects in process, but even absence of process itself.

2. A verdict is not void because it is not written on the original petition.

3. "At the hearing of a certiorari in the superior court nothing can be considered but the petition and answer." The judge can not consider aliunde affidavits.

4. The evidence, though weak and unsatisfactory, was legally sufficient to authorize the verdict rendered.

Certiorari, from Tattnall superior court—Judge Rawlings. April 6, 1907.

Submitted November 26,—Decided December 9, 1907.

*W. T. Burkhalter,* for plaintiff in error.

*Hines & Jordan, H. H. Elders,* contra.

POWELL, J. Della Parrish sued Sapp in a city court for the labor of her minor bastard son, and alleged that she had made a definite contract of hiring. The defendant asserted that while he had control of the boy, it was by reason of the fact that the plaintiff had released her parental control to him in order to get the child supported. The jury having found for the plaintiff, the defendant took certiorari to the superior court. At the hearing the judge overruled the certiorari, and to this judgment exceptions are taken. The petition for certiorari is somewhat unique in structure; in the body it merely recites the fact that the trial occurred between the parties in the lower court, and that a verdict and judgment adverse to the petitioner were rendered, and continues: "and he [petitioner] here and now proceeds plainly, fully, and distinctly to set forth the nature of said case, what occurred on said trial, and the errors complained of: See the brief of evidence and the assignments of errors hereto attached and is a part of this petition;" and concludes with prayer for the writ of certiorari. In the exhibit, all the pleadings, a brief of the evidence, and the assignments of error are set forth. Counsel for defendant in error contend that we can not consider the assignments of error, because of the manner in which the petition is drawn. They say that it is violative of the Civil Code, §4637, which regulates certiorari practice and provides that "in [the] petition, he [the applicant] shall plainly and distinctly set forth the errors complained of." We are not prepared to say that the point is not well taken; but since the trial judge passed upon the merits and did not dismiss the petition for this reason, and since we find an affirmance of his judgment will be the result of our full investigation into the record, we will not pass upon this technical question but will decide the case as if the errors were assigned with unquestionable formality.

1. The first exception presented is to the refusal of the court to dismiss the petition because the process did not bear teste in the name of any judge, but simply in the name of P. W. Williams. The process was in the usual form, with the exception of the conclusion which was as follows: "Witness the Honorable P. W. Williams of said Court." Upon the point being made the court allowed the word "judge" to be inserted, by amendment, after the name "Williams." The process was not void and was amendable. Civil Code, 1895, §4994. *Kelly* v. *Fudge,* 2 *Ga. App.* 759 (59 S. E. 19), and cit. Besides, the motion .was not made until after the defendant had appeared and pleaded; and, by section 4981 of the Civil Code of 1895, "Appearance and pleading shall be a waiver of all irregularities of the process, or of the absence of process."

2. The verdict of the jury . was written upon the plea. The plaintiff in error insists that it is illegal because it was not written on the petition. We know of no law which requires the verdict to be written upon any particular paper, and we are not cited to any decision or statute to that effect. To the contrary, see *Roberts* v. *State,* 14 *Ga.* 19; *Southern Express Co.* v. *Maddox,* 3 *Ga. App.* 223 (59 S. E. 821).

3. A witness made an affidavit which was attached to the petition for certiorari, in which is detailed a conversion occurring after the trial between one of the jurors and the plaintiff, the trend of the statements made by the juror as set forth being such as to indicate that he went into the jury box prejudiced in the plaintiff's favor, and winked at her pending the trial. The court could not lawfully consider this affidavit. *Gildea* v. *Hill,* 115 *Ga.* 136 (2).

5. The judge of the superior court could well have set aside this verdict on account of the state of the testimony; but this court has no such power. The brief of the testimony presents a remarkable spectacle. The plaintiff and the defendant .were the chief witnesses as to the substantive facts of the case. By proof of general bad character, each—if the impeaching witnesses are to be believed—was overwhelmingly impeached. The plaintiff would put up a witness who would testify'that the defendant's general character was bad and that he would not believe him on oath; on cross-examination the same witness would also testify that the plaintiff's general character was bad and he would not believe her on

oath; and vice versa. After bad character was thoroughly estab-
lished, both sides sought wider fields of impeachment, and several
witnesses testified that they would not believe the defendant on
oath because he was always in law, and, according to one witness,
if he could not get a lawsuit any other way he would buy one.
After both the parties to the suit had thus been assailed at length,
the other witnesses were taken up and impeaching testimony
against them was presented. One witness, according to his testi-
mony, would not believe the defendant's wife on oath "because she
was crack-brained." It was sought to impeach another witness be-
cause he had put revenue stamps on a deed two years before the
war stamp-act was passed. Finally a witness, after he had testi-
fied as to the others, is alleged to have said what must have im-
peached himself in the minds of every decent and honest man who
heard him, that "no woman's character is worth much." Another
witness, who stated that while some "wrong things" had been
said about the plaintiff, he did not consider her character bad,
naively admitted that "on account of the plaintiff I have been hav-
ing a lot of trouble in my own house with my wife; she is accus-
ing me of this woman."

Upon a review of the whole record we find no reversible error
assigned.                                    *Judgment affirmed.*