14895.   NATIONAL UNION FIRE INSURANCE CO. *v.* ETHERIDGE.

STEPHENS, J.  1.  A case when continued is not postponed indefinitely, but is carried over only until the next term.  Where a case at the trial term is, upon an oral agreement between counsel, continued for the purpose of allowing the defendant's counsel to take depositions, the action of the plaintiff's counsel in taking a judgment at a subsequent term of the court in the absence of counsel for the defendant does not amount to a fraud, and is not a ground to sustain a motion of the defendant to set the judgment aside.

2. In a suit upon an insurance policy for the loss of an automobile by fire the failure to attach a copy of the policy to the petition was an amendable defect, cured by verdict and judgment.  Such a defect could have been reached by a special demurrer, and as against a general demurrer the petition was sufficient.

3. On a motion to set aside a verdict and judgment this court will presume that the evidence at the trial was competent and authorized the verdict.

4. The trial judge did not abuse his discretion in refusing to set aside the verdict and judgment upon any of the grounds relied on in the motion; and the judge of the superior court, on certiorari, did not err in refusing to reverse the judgment of the trial court.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED OCTOBER 1, 1924.

Certiorari; from Fulton superior court—Judge Humphries. June 5, 1923.

Suit was brought in the municipal court of Atlanta on a policy of insurance for $450, the alleged value of an automobile destroyed by fire.  When the case was called for trial it was continued for the purpose of allowing the defendant to take depositions.  When the case was again called for trial the defendant was not present,

either in person or by attorney, and the plaintiff took a verdict and judgment for $400 principal and $16 interest. A fi. fa. was issued and was handed to the marshal of the court, with instructions to hold it up until notified. At a subsequent term of the court and more than thirty days after the judgment, counsel for the plaintiff notified the marshal to collect the fi. fa. The defendant, on discovering that a judgment had been taken, moved to set it aside. The plaintiff filed a motion in the nature of a demurrer to that motion. The court overruled the motion to set aside the judgment, and the case was carried to the superior court by certiorari; the certiorari was overruled, and the movant excepted.

The motion to set aside the verdict and judgment was upon the ground that the petition set forth no cause of action, for the following reasons: (*a*) No copy of what appears upon the face or in the body of the alleged policy of insurance is attached to the petition. (*b*) No copy of the substance of the policy of insurance is embodied in the petition. (*c*) It does not appear that the contract of insurance was in writing. (*d*) It does not appear that the contract of insurance was of binding force and effect on the date of the fire. (*e*) It appears that the plaintiff failed to make and submit to the insurance company written and sworn proofs of the time and cause of the loss or damage to the automobile. (*f*) It appears that the insurance company did not waive proofs of loss or any of the terms and provisions of the contract of insurance. (*g*) The verdict and judgment were obtained, in violation of an agreement, in the following manner: At the trial term of the court counsel for the plaintiff and the defendant agreed, with the approval of the court, to continue the case for the purpose of taking depositions on behalf of the defendant; and for this reason defendant's counsel did not expect the case to be called for trial until the depositions had been taken, and they had not been taken at the time when the case was tried.

The material parts of the plaintiff's petition were as follows: "The petition of J. S. Etheridge showeth to the court the following facts: 1. That on the 17th day of September, 1920, the National Union Fire Insurance Company of Pittsburg, Penn., entered into a contract of insurance with your petitioner, by which the said company insured one Dodge automobile touring car, serial number 105585, advertised horse-power 35, model 1916,

for the sum of $450.00; said insurance to cover loss by fire or lightning. 2. That on or about the 29th day of July, 1921, said automobile was destroyed by fire, causing a loss to your petitioner of the sum of $450, the value of said automobile. at said time, by which said company became and is liable to your petitioner in the sum aforesaid. 3. That the said company was duly and properly notified of the loss of said automobile, directly after the same occurred. 4. That your petitioner, in accordance with the condition attached to said policy, did on the 29th day of November, 1921, make out, sign, and submit to the said company's agent in Atlanta, Ga., an agreement by which the matter of the said loss should be submitted to arbitrators as set out in said condition attached to said policy, to which agreement the said company declined to be a party. 5. Your petitioner shows that the said defendant is a foreign corporation, having an agent in the State of Georgia, located in the county of Fulton, in the city of Atlanta. Petitioner therefore prays that process issue requiring the said defendant to be and appear at the next term of said court to answer this complaint, and that the defendant produce at the trial of said cause, a written memorandum, taken by the officers of the said company at their office in Atlanta, Ga., given to them by your petitioner the day after said fire."

*Smith, Hammond & Smith,* for plaintiff in error.

*R. O. Lovett,* contra.