6

26843.   TATE *et al. v.* LERES.

DECIDED SEPTEMBER 28, 1938.
ADHERED TO ON REHEARING DECEMBER 20, 1938.

J. B. Edwards, Olin T. Flournoy, for plaintiffs in error.

Henry A. Stewart, J. A. Wright, contra.

MacIntyre, J. The plaintiffs in error having abandoned the assignment of error upon the judgment of the court in overruling their demurrer to the defendant in error's answer, we shall consider only the assignment of error overruling their motion to set aside the verdict.

The first ground of the motion, on the overruling of which error is assigned, was that there was no return of service or entry thereof by any officer showing service of process upon the defendants, that this court (the city court of Polk County) never acquired jurisdiction, and therefore no legal verdict could be rendered. The defendant in error, on the other hand, contends that the plaintiffs in error made a general appearance in this case, and thereby waived all irregularities in service and process, and that the judgment is therefore valid. These contrary contentions presented an issue, that is, whether or not there had been a waiver of process and service. There was no brief of evidence of this proceeding before the court below attached to the record. However, "it is a familiar maxim that in the absence of evidence to the contrary, the regularity and legality of the proceedings in a court of record will be presumed. *Omnia præsumuntur rite et solemniter esse acta donec probetur in contrarium.*" *Taylor* v. *State*, 59 *Ga. App.* 1 (200 S. E. 237); *Smoak* v. *State*, 58 *Ga. App.* 299 (198 S. E. 99). On motion to set aside a verdict and judgment the Court of Appeals pre-

sumes that the evidence was competent and sufficient to authorize the verdict. *National Union Fire Ins. Co.* v. *Etheridge,* 32 *Ga. App.* 725 (3) (124 S. E. 546). See in this connection *Owen* v. *Anderson,* 54 *Ga. App.* 53, 61 (186 S. E. 864). Presuming that the proceedings below were correct, the contrary not appearing (*Gray* v. *Willingham,* 59 *Ga.* 858), and construing the imperfections most strongly against the plaintiffs in error (*Easley* v. *Camp,* 40 *Ga.* 698), we take it that the evidence was introduced and that it amply supported the contentions in the defendant in error's answer to the motion to set aside the verdict.

As a general rule process and service are essential, and if there is an entire absence of a return, or if the return is void because showing service upon the wrong person, etc., the court can not proceed. See *Jones* v. *Bibb Brick Co.,* 120 *Ga.* 321 (48 S. E. 25); *Callaway* v. *Douglasville College,* 99 *Ga.* 623 (25 S. E. 850). However, the Code, § 81-209, declares, "Appearance and pleading shall be a waiver of all irregularities of the process, or of the absence of process, and the service thereof" (see *Edison Provision Co.* v. *Armour & Co.,* 51 *Ga. App.* 213, 214, 179 S. E. 829; *Saffold* v. *Foster,* 74 *Ga.* 751 (2)), and a general appearance waives not only all defects in process but even absence of process itself. *Sapp* v. *Parrish,* 3 *Ga. App.* 234 (59 S. E. 821). Was the appearance of the plaintiffs in error a general appearance? In *Cox* v. *Potts,* 67 *Ga.* 521, the Supreme Court held that appearance of counsel for the purpose of pleading to the jurisdiction of the court, and entry of their names on the docket with the word "answer," are not such pleading to the merits as admits jurisdiction; and in *Johnson* v. *Shurley,* 58 *Ga.* 417, Judge Bleckley says that appearance of the defendant and entry of "answer" on the docket by the judge are hardly such pleading as works a waiver of process and service, but he adds that no definite ruling was made on that point. In *Lowe* v. *Burkett,* 65 *Ga.* 564, it appears that process, returnable to the April term, 1873, of Twiggs superior court, was served fourteen days before the beginning of the term. The names of counsel were marked on the bench docket as appearing for the defendant, and the following entries were made by the presiding judge: "Oct. Adj., 1873, appearance term of term. April T., 1874, put to heel. Oct. T., 1874, judgt." Judgment was by default. The Supreme Court, on appeal, held: "Under the facts of this case, the defect in the service

was waived, and a levy founded on the judgment so rendered should not be dismissed on the ground that it was void. . . The truth is, that the object of process and service is to bring the defendant into court by himself or counsel representing him, and when that is done they have accomplished the objects of the law." In explaining these cases, this court in *Harper* v. *Tennessee Chemical Co.*, 37 *Ga. App.* 433, 434 (140 S. E. 408), said: "The effect and purport of the ruling in those cases being that what formerly amounted to an appearance by the mere marking of counsel's name on the docket could hardly be accounted such pleading as would work waiver of process, the reason being that the mere entry of counsel's name on the docket does not indicate whether such appearance was made for the purpose of pleading to the merits or for the purpose of pleading to the service. But even then it was recognized in the *Lowe* case [65 *Ga.* 564] that if the defendant followed up such an informal appearance by invoking a benefit thereunder, the rule would be different." In the present case the defendants not only made this informal appearance by the attorney marking his name opposite the defendants' names on the docket, but followed up this informal appearance with a motion for a continuance, and thus derived a benefit thereunder.

"An appearance is general where it is an absolute submission to the jurisdiction of the court, or defendant takes any substantive step in the proceedings, or does some act which recognizes the case as in court, which is made or done for any purpose other than to question the jurisdiction thereof, and which bears some substantial relation to the cause. Such appearance must be express, or arise by implication from defendant seeking, taking, or agreeing to some step or proceeding in the cause beneficial to himself, or detrimental to plaintiff, other than one contesting the jurisdiction only." 6 C. J. S. 5, § 1. There is a well-settled rule of law that a general appearance by a defendant in any cause will give the court jurisdiction of his person (*Epps & Leabow* v. *Buckmaster*, 104 *Ga.* 698, 700, 30 S. E. 959), and "a general appearance waives not only all defects in process, but even absence of process itself." *Sapp* v. *Parrish*, 3 *Ga. App.* 234 (59 S. E. 821). In the case at bar, the defendants appeared by attorney at the appearance term, and had his name marked on the docket opposite the defendants' names. Even if this alone was insufficient to waive irregularities in, or

absence of, process and service, yet, where counsel followed up this informal appearance with a motion for a continuance, such appearance is to be regarded as a general appearance. 4 C. J. 1340, § 32; 2 R. C. L. 329, § 8; 3 Am. Jur. 794, § 20; *Perseverance Mining Co.* v. *Bisaner,* 87 *Ga.* 193 (13 S. E. 461) ; *Southern Bank of Ga.* v. *Mechanics Savings Bank,* 27 *Ga.* 252. " 'An appearance for any other purpose than to question the jurisdiction of the court is general.' 2 Enc. Pl. & Pr. 632, and authorities cited." *Epps & Leabow* v. *Buckmaster,* supra.

The act creating the ·city court of Polk County provides: "Be it further enacted, that the first or appearance term of said court to which a case is brought shall be the appearance term, and the next term thereafter shall be the judgment or trial term, and all the laws, rules, and practices in the superior courts with reference to the terms thereof shall apply to the city court of Polk County unless otherwise provided in this act; *provided,* that in cases in which no defense or plea is filed on the second day of the first term, or such defense or plea shall be stricken by the court, a judgment may be rendered by the court, or verdict taken, as the case may require, for the plaintiff on any succeeding day of said term upon the call of said case in open court." Ga. L. 1901, pp. 156, 163, § 33. It will thus be seen that the defendants (plaintiffs in error), in the present case appeared at the second term and asked for a continuance, and that the plaintiff (defendant in error), under the act creating the city court of Polk County, waived his right to take judgment by agreeing to such motion. The plaintiffs in error received a benefit, the defendant in error a detriment. Therefore, under the foregoing principles, we are of the opinion that the plaintiffs in error's appearance amounted to a general appearance, and to a waiver of all defects in process and service. The judgment was valid and this ground of the motion is without merit.

■ The plaintiffs in error further contend, in their motion to set aside the verdict, the overruling of which is likewise assigned as error, that the court should not have allowed the plaintiff (defendant in error), to take a verdict in the case without an entry of "in default," or some entry to that effect, having been entered on the docket, and for this and the reason stated in the first ground the verdict is a mere nullity and should have been set aside and vacated.

We can not say under the record in this case that the judge, on

the trial of the motion to set aside, was not authorized to find that there was no "adjudication of default," nor can we say that there was not sufficient evidence introduced which authorized the jury to find the verdict upon which the judgment was entered. *Burson* v. *Lunsford,* 53 *Ga. App.* 411 (186 S. E. 213). See also *Crapp* v. *Dodd,* 92 *Ga.* 405 (17 S. E. 666); *Lowe* v. *Echols,* 98 *Ga.* 36, 41, (25 S. E. 906); *Barrett* v. *Pascoe,* 90 *Ga.* 826 (17 S. E. 117). This ground is likewise not meritorious.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*

#### ON REHEARING

MacIntyre, J. The motion to set aside the verdict in this case sets up merely that "verdict should be set aside and vacated, because the record in said case affirmatively shows that no service has ever been made on any of the persons named as defendants in said case, as required by law to be done, and therefore, in the absence of such entry of service by the proper officer, this court never acquired jurisdiction of the persons named as defendants, and without such jurisdiction, no legal verdict could be rendered," but nowhere in the said motion do the defendants deny that they were in fact served or that they had not waived service by appearing. Upon hearing the said motion, the court entered up the following judgment: "The within motion coming on to be heard, and after argument had, the within motion to set aside and vacate judgment, is hereby overruled." The city court of Polk County, Georgia, is a court of general jurisdiction and having exercised jurisdiction and rendered judgment in the instant case, we must presume that all necessary jurisdictional facts appeared. *Schulze* v. *Schulze,* 149 *Ga.* 532, 534 (101 S. E. 183). It seems to us, under the facts in this case, that this judgment is at least an adjudication that satisfactory evidence of appearance was submitted to the court and that it met with the requirements of the law.

*Judgment adhered to. Broyles, C. J., and Guerry, J., concur.*