A90A1108. MARSH v. WRIGHT MEMORIAL MORTUARY.
(399 SE2d 232)

POPE, Judge.

Plaintiff Lonzetta Marsh filed this action against Wright Memorial Mortuary alleging she had been injured in an automobile accident which occurred during a funeral procession conducted by the mortuary. The evidence shows the mortuary is a proprietorship solely owned by Joe Wright. It is undisputed that Joe Wright was never personally served. Instead, the complaint was served at Mr. Wright's place of business upon his daughter, who does not reside with him. The mortuary (which we note is not a proper legal entity and therefore cannot be a defendant in this case, but for simplicity's sake will be referred to, hereinafter, as "defendant") filed an answer which raised the defense of insufficiency of service of process. Defendant also raised a cross-claim against its co-defendant and filed a motion to join plaintiff's husband as a necessary party and a motion to transfer the case to another judge handling a related claim, pursuant to Uniform Superior Court Rule 3.2. Prior to trial, defendant filed a motion to dismiss on the ground of insufficiency of service and a motion for summary judgment on both substantive grounds and also on the ground of insufficiency of service. The trial court granted defendant's motion to dismiss and denied plaintiff's motion to amend the complaint to correct the misnomer of defendant and to rename the defendant "Joe Wright d/b/a Wright Memorial Mortuary." Plaintiff appeals.

1. The issue in this case is whether defendant waived the defense of insufficiency of service by filing a cross-claim, a motion to transfer the case and a motion to join a necessary party. Plaintiff argues these acts demonstrated an intent to relinquish the previously asserted defense and to consent to the jurisdiction of the trial court by seeking affirmative relief from the court. In order for a defendant's acts to serve as a waiver of his previously asserted objection to jurisdiction,

"his acts or omissions to act, relied on, should be so manifestly consistent with and indicative of an intention to voluntarily relinquish a then known particular right or benefit, that no other reasonable explanation of his conduct is possible." (Citations and punctuation omitted.) *Georgia Power Co. v. O'Bryant*, 169 Ga. App. 491, 492 (313 SE2d 709) (1984). In *Worley Bros. Granite Co. v. Haskins*, 105 Ga. App. 444 (124 SE2d 663) (1962), this court held that a defendant in an attachment proceeding had waived his earlier objection to personal jurisdiction by filing a counterclaim (referred to as a "cross-action") against the plaintiff because defendant thus assumed the position of a plaintiff seeking affirmative relief. Here, defendant filed a cross-claim against the co-defendant but the claim merely sought indemnity or contribution from the co-defendant in the event a judgment was entered against defendant. Otherwise, the cross-claim did not seek affirmative relief.

By filing a motion to transfer and a motion to add plaintiff's husband as a necessary party to the action the defendant did seek affirmative *action* from the trial court, but it cannot be said defendant was seeking affirmative relief for a claim. Instead of seeking to file a claim against another party, as was the case in *Worley Bros. Granite Co.*, defendant merely asked the trial court to require another party with a related claim to join in the present action against defendant. Defendant might not be entitled to dismissal of the complaint if it had submitted to the jurisdiction of the trial court in regard to the husband's joint consortium claim. However, the record shows the husband dismissed his claim with prejudice without ever filing a claim or joining the action in any manner. Requesting the transfer of plaintiff's claim to another judge already handling a related claim in no way relinquished the defenses raised to plaintiff's claim. Merely filing a motion requesting the court for an affirmative ruling does not waive a timely raised objection to jurisdiction on the ground of insufficiency of service. See *Roberts v. Bienert*, 183 Ga. App. 751 (2) (360 SE2d 25) (1987) (in which this court held the defendant did not waive the defense of insufficiency of service by filing a motion for summary judgment on the substantive merits of plaintiff's complaint). Thus the defendant did not waive its objection to jurisdiction on the ground of insufficiency of service and the trial court did not err in granting defendant's motion to dismiss.

2. Having ruled that defendant was entitled to dismissal of plaintiff's complaint for insufficiency of service of process, it follows that the trial court did not err in denying plaintiff's motion to amend the complaint to correct the misnomer of defendant. Defendant was never subject to the jurisdiction of the trial court because service of process was never perfected. The two-year period of limitation having long since expired (the date of the alleged negligent act was November 19,

1986), plaintiff's claim against defendant is now barred.

*Judgment affirmed. Deen, P. J., and Beasley, J., concur.*

Decided November 5, 1990 —
Rehearing denied November 27, 1990 —

Waycaster, Corn & Murray, Richard K. Murray, Cynthia N. Johnson, for appellant.

Eason, Kennedy & Associates, Richard B. Eason, Jr., Brinson, Askew & Berry, Hendrick L. Cromartie III, for appellee.