A97A0646. HEIS et al. v. YOUNG et al.
(487 SE2d 403)

JOHNSON, Judge.

On July 12, 1993, Norma and Harry Heis were involved in a car accident with Clinton Young in Georgia. The Heises were residents of Illinois, and Young was a Georgia resident. Young and his wife filed suit against the Heises in Georgia for personal injury and loss of consortium. The Heises moved to dismiss, claiming that they had not been properly served and that the statute of limitation had expired on the personal injury claim. Without stating its reasons, the trial court denied the motion. We granted the Heises' petition for interlocutory review, and for reasons set out below, we affirm as to the loss of consortium claim and reverse as to the personal injury claim.

1. The applicable statute of limitation provides that a personal injury claim shall be filed within two years after the right of action

---

accrues. OCGA § 9-3-33. A loss of consortium claim is to be filed within four years after the right of action accrues. Id. See *Babb v. Cook*, 203 Ga. App. 437, 438 (1) (417 SE2d 63) (1992); *Central of Ga. R. Co. v. Harbin*, 132 Ga. App. 65 (207 SE2d 597) (1974).

2. The record contains two returns of service and an additional affidavit, all executed by Willis Ridley, an employee of an Illinois process-serving company. These documents assert Ridley was appointed by "the Court" to serve process in this case, and that he served the Heises by leaving two copies of the complaint with Norma Heis at the Heis residence on July 11, 1995. The Heises contended in the trial court, however, that Ridley was not appointed to serve process, and the Youngs admit in their appellate brief that he was not. See Court of Appeals Rule 27 (b) (1).

The Heises raised as defenses insufficiency of service of process and expiration of the statute of limitation in their answer filed on August 2, 1995. The parties then engaged in discovery for approximately one year. In August 1996, before the entry of a pretrial order, the Heises filed the motion to dismiss which is the subject of this appeal. In September 1996, the Youngs served the Secretary of State with a copy of the complaint and sent copies to the Heises by certified mail, which is the method of service allowed by Georgia's nonresident motorist act. See OCGA § 40-12-2.

3. The Heises claim that, though they waited a year to file their motion to dismiss, they did not waive their defenses of insufficient service and expiration of the statute of limitation. We agree. These defenses were raised in the Heises' first defensive pleading as required by OCGA § 9-11-12 (b). After a party has properly raised such a defense, it will only be found waived if the party later engages in conduct so manifestly indicative of an intention to relinquish a known right or benefit that no other reasonable explanation of its conduct is possible. See *Roberts v. Bienert*, 183 Ga. App. 751, 753-755 (2) (360 SE2d 25) (1987). The Heises engaged in no such conduct. Compare *Wheeler's, Inc. v. Wilson*, 196 Ga. App. 622, 623-624 (396 SE2d 790) (1990), and *Ga. Power Co. v. O'Bryant*, 169 Ga. App. 491, 492-493 (313 SE2d 709) (1984), in which the defendants waived their procedural defenses by participating in substantial litigation on the merits, or by consenting to a pretrial order that did not list the procedural defense as a remaining issue.

4. The Heises correctly contend that because Ridley had no authority to serve the complaint and summons, his purported service is a nullity. See *Mann v. Atlanta Cas. Co.*, 215 Ga. App. 747, 749-750 (452 SE2d 130) (1994). "[T]hat [the defendant] may have received a copy of the complaint and summons in connection with an attempted but invalid service does not suffice to afford the required notice of the action or dispense with a valid service." (Citations and punctuation

omitted.) *Denny v. Croft*, 195 Ga. App. 871, 872 (2) (395 SE2d 72) (1990).

5. The Heises also correctly contend that because the later service under the nonresident motorist act does not relate back to the filing of the personal injury claim, that claim is barred by the statute of limitation.

When service of process occurs after the expiration of the statute of limitation, and not within five days of the filing of the action, service relates back if the plaintiff acted reasonably and diligently in seeking to have the defendant served as soon as possible. *Jones v. Isom*, 223 Ga. App. 7, 8 (1) (477 SE2d 139) (1996); see generally OCGA § 9-11-4 (c). The plaintiff bears the burden of showing due diligence, and we review the trial court's findings on this issue under the abuse of discretion standard. *Mann*, supra at 749. In this case, the trial court made no explicit finding that the Youngs were reasonably diligent, and they have presented no evidence tending to explain why they took no action in response to the service and statute of limitation defenses raised in the Heises' answer.

The returns of service executed by Ridley do not constitute such evidence. It is the plaintiff's duty to ensure that the person retained to serve process is authorized to do so, especially when the plaintiff employs a private process server instead of a governmental service authority. See *Mann*, supra at 749-750. As a matter of law, the Youngs have failed to carry their burden of showing reasonable diligence in perfecting service. See generally *Land v. Casteel*, 195 Ga. App. 455, 456-457 (393 SE2d 710) (1990). Because the service under the nonresident motorist act does not relate back to the filing of the complaint, the personal injury claim is barred by the statute of limitation. The trial court abused its discretion in failing to dismiss that claim.

6. On the other hand, the loss of consortium claim was filed and properly served within the four-year statute of limitation applicable to that claim. The trial court therefore did not err in refusing to dismiss the loss of consortium claim. See *Parrotte v. Christian*, 208 Ga. App. 823, 824 (2) (432 SE2d 255) (1993).

*Judgment affirmed in part and reversed in part. Pope, P. J., and Blackburn, J., concur.*

DECIDED MAY 28, 1997 —
RECONSIDERATION DENIED JUNE 10, 1997 — ▮▮▮▮▮

Before Judge Forrester.

*John T. Croley, Jr.*, for appellants.
*Burge & Wettermark, Gary F. Easom*, for appellees.