A98A1696. JOYNER v. SCHIESS.
(512 SE2d 62)

SMITH, Judge.

This appeal arises out of the trial court's dismissal of Montine Joyner's medical malpractice action against Robert Schiess. The issue is whether Schiess waived his defense of insufficiency of service. Under the facts of this case, we hold that the trial court correctly concluded that Schiess did not waive the defense, and we affirm the dismissal of Joyner's action.

Joyner filed a medical malpractice action against Schiess and three other defendants on March 4, 1996, arising out of alleged injuries that recurred during May 1994. Service was attempted on Schiess on March 7, 1996, but was not made on him personally. Instead, the summons and complaint were left with another individual "in charge of the office and place of doing business of said Corporation in this County." Schiess, however, was sued individually, not as a corporation, and Joyner therefore was required to serve Schiess "personally, or by leaving copies thereof at his dwelling house or usual place of abode with some person of suitable age and discretion then residing therein, or by delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process." OCGA § 9-11-4 (d) (7).

In his answer, Schiess asserted insufficiency of service of process as a defense. Also, in August 1996, in his verified response to Joyner's interrogatory asking Schiess to explain the legal basis for his defense, Schiess stated that the individual to whom the summons and complaint were given was not authorized to accept service. In October 1997, Schiess moved to dismiss, contending that Joyner was guilty of laches by her failure to exercise due diligence, as required by OCGA § 9-11-4 (c). This motion to dismiss was filed before entry of a pretrial order. In response, Joyner did not maintain that Schiess's motion was legally insupportable on the merits, but instead asserted that Schiess waived his defense by committing acts constituting general appearances. The trial court granted Schiess's motion, concluding that waiver had not occurred.

The trial court correctly dismissed the complaint. Service was not perfected on Schiess as required by OCGA § 9-11-4 (d) (7), and Schiess did not waive the defense of insufficiency of service. Although Schiess may have participated in discovery and made certain motions in the trial court, he preserved the defense by specifically raising it in his answer. *Roberts v. Bienert*, 183 Ga. App. 751, 753-754 (2) (360 SE2d 25) (1987). Furthermore, he reasserted the defense in his responses to Joyner's interrogatories. See *Garrett v. Godby*, 189 Ga. App. 183 (1) (375 SE2d 103) (1988). And he did not waive the defense after raising it. "After a party has properly raised such a defense, it will only be found waived if the party later engages in conduct so manifestly indicative of an intention to relinquish a known right or benefit that no other reasonable explanation of its conduct is possible. [Cit.]" *Heis v. Young*, 226 Ga. App. 739, 740 (3) (487 SE2d 403) (1997). See also *Marsh v. Wright Mem. Mortuary*, 197 Ga. App. 736-737 (1) (399 SE2d 232) (1990). As in *Heis*, Schiess "engaged in no such conduct." Id. at 740 (3). Unlike cases such as *Wheeler's, Inc. v. Wilson*, 196 Ga. App. 622 (396 SE2d 790) (1990) (physical precedent only) and *Ga. Power Co. v. O'Bryant*, 169 Ga. App. 491 (313 SE2d 709) (1984), Schiess did not waive his "procedural defenses by participating in substantial litigation on the merits, or by consenting to a pretrial order that did not list the procedural defense as a remaining issue." *Heis*, supra at 740 (3).

Relying on *Tate v. Leres*, 59 Ga. App. 6 (200 SE 325) (1938), Joyner argues that Schiess committed several acts, constituting general appearances, that amounted to a clear relinquishment of his right to raise his insufficiency of service defense. She claims that waiver occurred when Schiess participated in consent motions to extend discovery and requested a continuance of mediation. She also argues that Schiess waived the defense by demanding, in his answer, a pretrial conference and a jury trial. Finally, she maintains that

under the totality of these circumstances, waiver occurred.[1]

These acts, whether considered individually or in their totality, did not constitute waiver. We first note that *Tate* is not controlling. In *Tate*, plaintiff filed a trover action, but no return of service was filed. Id. at 6. The case proceeded to trial, and a jury returned a verdict against defendant. Id. Defendant moved to set aside the verdict based on the defect in service. Id. Stating the rule that a general appearance waives all defects in process, id. at 10, this court concluded that defendant waived his defense because his counsel made a general appearance by requesting a continuance of the case prior to trial. Id. at 10-11. But *Tate*, unlike *Roberts*, supra, is not a case in which the defendant properly raised insufficiency of service as a defense in his answer. Schiess clearly raised the defense and then reasserted it in discovery responses. Furthermore, after properly raising the defense, Schiess did not act in a manner so clearly showing his intent to relinquish his defense that no other explanation is possible. His demands for a pretrial conference and for a jury trial were simply made in his answer, which served to preserve at an early stage of litigation any rights regarding these possible future events. As in *Marsh*, supra, in which we held that defendant did not waive his defense by filing a cross-claim, a motion to transfer, and a motion to join a necessary party, Schiess merely sought an affirmative *action* from the trial court by making these preliminary demands, not "affirmative relief for a claim." Id. at 737 (1).

As for Schiess's participation in consent motions for extension of discovery periods and requests for continuance of mediation, the explanation for Schiess's conduct is clear: to gain time to pursue necessary discovery. And "[p]articipation in discovery after the defense of insufficiency of service has been properly raised in an answer to a complaint does not constitute a waiver of the defective service. [Cit.]" *Garrett*, supra at 185 (2). Since participation in even extensive discovery is not necessarily a waiver of a properly asserted defense, id., it follows that seeking a continuance for discovery purposes does not constitute waiver of such a defense.

*Bigley v. Lawrence*, 149 Ga. App. 249 (253 SE2d 870) (1979), relied upon by Joyner, is distinguished from this case. *Bigley* states that a consent judgment extending a temporary restraining order constitutes waiver. Id. at 250. But here, the parties did not enter into a consent judgment. They merely asked that discovery be extended.

---

[1] Joyner also argues that Schiess waived the defense by objecting, during the hearing on his motion, to her dismissal of other defendants without prejudice. We do not even consider this argument, for it is not supported by any evidence of record. And unsupported assertions of fact in appellate briefs will not be considered by this court on appeal. See, e.g., *Davis v. Gamble*, 151 Ga. App. 155 (259 SE2d 159) (1979).

Moreover, unlike *Bigley*, this is not a case in which the defendant filed a motion for summary judgment on the merits without first raising an issue as to insufficiency of service. Id. at 249. See also *Roberts*, supra at 753 (2). As discussed above, Schiess preserved his defense by raising it in his answer, and none of Schiess's acts referred to by Joyner showed a manifest decision by Schiess to relinquish his defense. The trial court therefore correctly concluded that waiver of the defense did not occur.

We note that in response to Schiess's motion to dismiss, Joyner submitted an affidavit in which her counsel stated that Schiess's attorney told him that he did not intend to pursue the insufficiency of service defense. Such a statement was clearly hearsay, completely lacking in probative value. See, e.g., *American Erectors v. Hanie*, 157 Ga. App. 687, 689 (2) (278 SE2d 196) (1981) (full concurrence to Division 2); *Skinner v. Humble Oil &c. Co.*, 145 Ga. App. 372, 374 (2) (243 SE2d 372) (1978). This statement therefore could not serve as evidence that Schiess waived his defense. Schiess's defense of insufficient service was not waived, and the trial court properly dismissed Joyner's complaint.

*Judgment affirmed. Johnson, C. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED FEBRUARY 9, 1999 — 

*Gary P. Bunch*, for appellant.
*Hall, Booth, Smith & Slover, Mark A. Inman, Ashley D. Phillips, Timothy H. Bendin*, for appellee.