A02A1715. HARDY v. LUCIO.
(578 SE2d 224)

MILLER, Judge.

Terry Hardy sued Antonio Lucio for personal injuries sustained in an August 1999 automobile accident. Lucio moved to dismiss the complaint due to insufficient service of process, which motion the trial court granted. Hardy now appeals that ruling, arguing that the trial court erred in finding that (1) he failed to exercise diligence in properly serving Lucio, and (2) Lucio's conduct did not waive the

defense of insufficient service of process. We discern no error and affirm.

Hardy filed a complaint against Lucio in December 2000 and attempted to serve Lucio at a Douglas County, Georgia, address (which was subsequently discovered to be the wrong address). Lucio asserted in his answer the defense of insufficient service of process. In February 2001, Hardy filed a motion to transfer venue to Cobb County, to which Lucio consented. In that motion, Hardy stated that he desired to transfer venue because he had learned of Lucio's correct address located in Cobb County. The court granted Hardy's motion to transfer, and the parties engaged in some discovery. On October 10, 2001, Lucio filed a motion to dismiss on the basis that service of process was insufficient. Hardy subsequently served Lucio on October 13, 2001, about seven weeks after the expiration of the statute of limitation.[1] The trial court granted Lucio's motion to dismiss, finding that Hardy was not diligent in properly serving Lucio prior to the expiration of the statute of limitation, and that Lucio did not waive the defense of insufficient service of process.

1. Hardy contends that Lucio's consent to transfer the case to Cobb County and his participation in discovery constituted a waiver of his defense of insufficient service of process. For Lucio's acts to serve as a waiver of his previously asserted objection to jurisdiction, "his acts or omissions to act, relied on, should be so manifestly consistent with and indicative of an intention to voluntarily relinquish a then known particular right or benefit, that no other reasonable explanation of his conduct is possible." (Citation and punctuation omitted.) *Marsh v. Wright Mem. Mortuary*, 197 Ga. App. 736, 737 (1) (399 SE2d 232) (1990). Here Lucio preserved his defense by specifically raising it in his answer. *Joyner v. Schiess*, 236 Ga. App. 316, 317 (512 SE2d 62) (1999). Although he participated in discovery, we have previously held that "participation in discovery after the defense of insufficiency of service has been properly raised in an answer to a complaint does not constitute a waiver of the defective service." (Citation and punctuation omitted.) Id. at 318; cf. *Marsh*, supra, 197 Ga. App. at 737 (1). Nor was Lucio's consent to a change of venue a waiver of defective service, as venue is a concept separate from service of process. Lucio has not acted in a manner clearly showing his intent to relinquish his defense. See *Joyner*, supra, 236 Ga. App. at 317.

2. Hardy also contends that the court erred in finding that he did not act diligently in properly serving Lucio. The burden on a plaintiff

---

[1] See OCGA § 9-3-33.

who fails to serve a complaint within the applicable statute of limitation is well established.

> When service is made outside the limitation period, the plaintiff has the burden of showing that due diligence was exercised. Ordinarily, the determination of whether the plaintiff was guilty of laches in failing to exercise due diligence in perfecting service after the running of the statute of limitations is a matter within the trial court's discretion and will not be disturbed on appeal absent abuse. The plaintiff must also show the failure to timely serve was not [his] fault.

(Citation omitted.) *White v. Jones*, 244 Ga. App. 485, 486-487 (2) (536 SE2d 167) (2000). The greatest possible diligence must be shown where the plaintiff receives notice of a problem with service. *Sykes v. Springer*, 220 Ga. App. 388, 390 (2) (469 SE2d 472) (1996).

Hardy stated in his motion to transfer venue, filed in February 2001, that he was requesting such change of venue because he had recently learned of Lucio's correct address in Cobb County. Yet Hardy waited until approximately two months after the expiration of the statute of limitation[2] and some eight months after discovering Lucio's correct address to properly serve him. Hardy was put on notice that there was a problem with service, at the latest in February 2001, and was obligated to exercise the greatest possible diligence but failed to do so. See *Patterson v. Johnson*, 226 Ga. App. 396, 398 (486 SE2d 660) (1997). The trial court did not err in concluding that Hardy failed to use the requisite diligence to pursue service; therefore, the court correctly dismissed the complaint. See *White*, supra, 244 Ga. App. at 487 (2).

*Judgment affirmed. Johnson, P. J., and Blackburn, P. J., concur.*

DECIDED FEBRUARY 11, 2003.

*Decker, Hallman, Barber & Briggs, Richard P. Decker, Stacy E. Hyken*, for appellant.

*Shur, McDuffie, Williams & Morgan, Reynolds E. Pitts, Jr.*, for appellee.

---

[2] See OCGA § 9-3-33.