## A00A2561. HAWKINS v. WILBANKS et al.
(546 SE2d 33)

ANDREWS, Presiding Judge.

Cameron Alexander Hawkins appeals, pursuant to the grant of interlocutory appeal, the denial of his motion to dismiss the renewal suit filed against him by Elizabeth Wilbanks and other family members (the Wilbanks) as a result of an automobile wreck which occurred on July 1, 1993, between a truck driven by Hawkins and the Wilbankses' car.

The Wilbankses' initial action was filed on June 28, 1995, shortly before the running of the statute of limitation. On October 26, 1996, the court granted the Wilbankses' motion for appointment of agent to serve Hawkins, but that effort was apparently unsuccessful. On April 3, 1998, the Wilbankses' motion for service by publication filed that date was granted. In support of that motion, the Wilbankses submitted the affidavit of their attorney which states only that an attempt was made to serve Hawkins at his father's home, that a special investigator had been unable to locate Hawkins, and that "[a]ffiant believes said Defendant is avoiding service of process." The affidavit of the publisher was filed reflecting publication four times in April 1998. By order of September 29, 1998, the trial court found that service by publication was "declared perfected." On March 1, 1999, the Wilbankses' voluntary dismissal without prejudice was filed.

The renewal suit was filed on August 17, 1999. Hawkins filed his motion to dismiss, contending that the statute of limitation had expired and that he was not served in the original action, precluding renewal pursuant to OCGA § 9-2-61. "The renewal statute applies only to actions that are valid prior to dismissal. *Osborne v. Hughes*, 200 Ga. App. 558, 559 (409 SE2d 58) (1991). To constitute a 'valid action,' the complaint must be served personally on the defendant. [Cits.]" *Hudson v. Mehaffey*, 239 Ga. App. 705, 706 (521 SE2d 838) (1999).

Although service was attempted by publication, it is our obligation to determine whether the movant exercised due diligence in pursuing reasonably available channels of information regarding the location of the defendant. *Abba Gana v. Abba Gana*, 251 Ga. 340, 343 (1) (304 SE2d 909) (1983).

> Because notice by publication is a notoriously unreliable means of actually informing interested parties about pending suits, the constitutional prerequisite for allowing such service when the addresses of those parties are unknown is a showing that reasonable diligence has been exercised in attempting to ascertain their whereabouts. [Cits.]

Id. See also *Pierce v. Pierce*, 270 Ga. 416, 418 (511 SE2d 157) (1999).

Service by publication is applicable only in those instances where such service is allowed by law. Georgia's statutes regarding torts (OCGA Title 51) contain no provision for service by publication in any action for a personal judgment against any person, resident or nonresident. *Barnes v. Continental Ins. Co.*, 231 Ga. 246, 247 (201 SE2d 150) (1973). While service by publication may be used pursuant to OCGA § 33-7-11 for purposes of complying with the condition precedent for pursuing one's uninsured motorist insurance carrier, that service will not serve as a foundation for an in personam judgment against the tortfeasor. *Bailey v. Lawrence*, 235 Ga. App. 73, 76 (508 SE2d 450) (1998).

We conclude that no due diligence has been shown here, *Pierce*, supra, and, therefore, the initial suit was void and not subject to renewal. *Clark v. Dennis*, 240 Ga. App. 512 (1) (522 SE2d 737) (1999); *Garcia v. Virden*, 236 Ga. App. 539, 540 (512 SE2d 664) (1999).

*Judgment reversed. Ruffin and Ellington, JJ., concur.*

DECIDED FEBRUARY 23, 2001.

*Davis & Kreitzer, John W. Davis, Jr., Steven W. Kreitzer*, for appellant.

*Frank B. Perry, G. Martin Adcock*, for appellees.