A05A0643. WILLIAMS v. JACKSON.
(614 SE2d 828)

MILLER, Judge.

Gregory Williams appeals from the trial court's dismissal of his lawsuit against Reginald Jackson for insufficient service. We discern no error and affirm.

The record reveals that following a March 29, 2002 car accident in DeKalb County, Williams filed a personal injury lawsuit against Jackson. On April 1, 2003, the DeKalb County Sheriff attempted to serve Jackson at the address listed in Williams's complaint and on the accident report, but was unsuccessful because Jackson no longer

---

lived at that address. Jackson filed an answer on April 24, 2003, and raised the defense of insufficient service.

Nearly a month later, Williams moved to have Jackson served by publication pursuant to OCGA § 33-7-11 (e). The court granted the motion, and notices were published in the DeKalb County legal newspaper on June 19, June 26, July 3, and July 10, 2003.

On July 21, 2004, Jackson moved to dismiss the lawsuit for lack of service. At that time Jackson still had not been personally served with the lawsuit, and he averred that he had not been evading service. Williams responded to the motion by arguing that his effort to serve Jackson by publication within the applicable statute of limitation evinced the diligence necessary to perfect service on Jackson.

Jackson was personally served with the lawsuit on August 26, 2004 — nearly five months after the applicable statute of limitation expired. See OCGA § 9-3-33. The record does not indicate that Williams made any effort to serve Jackson personally after attempting to serve him by publication. The trial court granted Jackson's motion to dismiss for lack of service, and Williams now appeals.

A trial court's finding of insufficient service of process will be upheld on appeal absent a showing of an abuse of discretion. *Franchell v. Clark*, 241 Ga. App. 128, 131 (3) (524 SE2d 512) (1999). Factual disputes regarding service are to be resolved by the trial court, and the court's findings will be upheld if there is any evidence to support them. See *Terrell v. Porter*, 189 Ga. App. 778, 779 (1) (377 SE2d 540) (1989).

In order to toll the statute of limitation after the timely filing of a complaint, a plaintiff must show that he acted in a reasonable and diligent manner in attempting to effectuate proper service. *Patterson v. Johnson*, 226 Ga. App. 396, 397 (486 SE2d 660) (1997). When the statute of limitation has expired, and a defendant raises the issue of defective service in his answer, the plaintiff must act with "the greatest possible diligence" from that point forward in order to serve the defendant (and have such service relate back to the filing of the complaint) or risk dismissal of his case. See *Ingraham v. Marr*, 246 Ga. App. 445, 447 (2) (540 SE2d 652) (2000).

The factors relevant to service by publication are not to be confused with the standards and purpose for personal service. "[S]ervice by publication does not require a showing that service has been attempted but only that the party to be served has departed from the state, or cannot, after due diligence, be found within the state, or conceals himself to avoid the service of summons." (Citations and punctuation omitted.) *Wilson v. State Farm &c. Ins. Co.*, 239 Ga. App. 168, 170 (520 SE2d 917) (1999).

Service by publication is necessary on a known but unlocateable uninsured motorist to satisfy the condition precedent of a nominal judgment under OCGA § 33-7-11 (d) before the uninsured motorist carrier may be liable under the insured's contract and the uninsured motorist statute. The nominal judgment is subject to collateral attack by the uninsured motorist at any time, because he or she has never been personally served.

(Citations omitted.) Id. Indeed, "service by publication is insufficient to confer in personam jurisdiction over [a] defendant." (Citations and punctuation omitted.) Id. at 171.

Here, even though Williams may have exercised the requisite due diligence to find Jackson in order to authorize service by publication, there is no evidence of record that he acted with the greatest possible diligence to serve Jackson personally after Jackson had filed his answer and the statute of limitation had run. Service by publication alone was insufficient for the court to obtain personal jurisdiction over Jackson and for Williams to obtain a personal judgment against him. See *Wilson*, supra, 239 Ga. App. at 171. Nor has Williams provided any evidence of efforts that he took to personally serve Jackson after the statute of limitation had run. The trial court did not abuse its discretion in dismissing Williams's lawsuit for lack of service. See, e.g., *Ingraham*, supra, 246 Ga. App. at 447-448 (2).

*Judgment affirmed. Blackburn, P. J., and Bernes, J., concur.*

DECIDED MAY 9, 2005.

*Martin M. Kendall*, for appellant.
*Sharon W. Ware & Associates, Alaina S. Howard, William M. Amos*, for appellee.