A05A1507. PATEL et al. v. SANDERS et al.

(626 SE2d 145)

Andrews, Presiding Judge.

Suresh Patel and Manju Patel appeal from the trial court's dismissal of their suit against Ylan Sanders and Toye Sanders, based on insufficient service of process and resulting lack of personal jurisdiction.[1] State Farm Mutual Automobile Insurance Company, the Patels' uninsured/underinsured motorist carrier, remains a defendant below. Finding no error, we affirm.

On July 23, 2000, the Patels were injured in an automobile accident on Interstate 20, causing serious injuries to both. The car which struck their car was being driven by Ylan Sanders and owned by Toye Sanders, her mother. The complaint was filed on April 18, 2002. Because agents hired by plaintiffs' counsel had been unable to locate and serve Ylan Sanders and Toye Sanders, an order for service by publication was sought and issued on July 10, 2002, and the notice was published on September 18 and 25 and October 2 and 9, 2002. The two-year statute of limitation expired on July 23, 2002.

Although an affidavit was filed by one of plaintiffs' agents stating that he personally served Toye Sanders on July 19, 2002, in fact, that service was made upon Daryn Sanders, Toye Sanders' ex-husband and Ylan Sanders' father at Daryn's place of employment. An answer was filed by Toye Sanders and Ylan Sanders on August 6, 2002, asserting lack of personal jurisdiction, insufficiency of service of process, and the statute of limitation. On August 22, a Motion to Dismiss or for Summary Judgment was filed by the Sanderses, supported by their affidavits that neither had been served nor had they attempted to conceal themselves or avoid service.

On April 14, 2003, the trial court entered an order granting the Motion to Dismiss or for Summary Judgment. Plaintiffs' April 21, 2003 Motion for Reconsideration based on the trial court's order

---

[1] We note that the Patels' brief is in violation of Court of Appeals Rule 25 (a) (1) in that no citations to the record before this Court are contained therein.

allowing service by publication on the Sanderses was granted by the trial court on April 22, 2003, and the April 14 order was vacated.

On June 2, 2003, the Sanderses moved for reconsideration of the trial court's April 22, 2003 Order, arguing there was no dispute that the individual defendants had not yet been personally served and no personam judgment could be rendered against them, although the case could continue against State Farm. On April 19, 2004, the order here appealed was entered, stating that the trial court had reviewed the motion, the pleadings and the entire record and granting the Sanderses' motion, finding that personal service on the individual defendants had not been made within the statute of limitation. The action against these defendants was dismissed with prejudice, but the claims against State Farm were allowed to continue.

1. Although the Patels argue that this matter is reviewed under the de novo standard applicable to the grant of summary judgment, that is not the standard for review of a motion to dismiss where facts relating to attempts at service are disputed, as here.

> A trial court's finding of insufficient service of process will be upheld on appeal absent a showing of an *abuse of discretion. Franchell v. Clark*, 241 Ga. App. 128, 131 (3) (524 SE2d 512) (1999). Factual disputes regarding service are to be resolved by the trial court, and the court's findings will be upheld if there is *any evidence* to support them. See *Terrell v. Porter*, 189 Ga. App. 778, 779 (1) (377 SE2d 540) (1989).

(Emphases supplied.) *Williams v. Jackson*, 273 Ga. App. 207, 208 (614 SE2d 828) (2005). See also *Kahlig v. Martinez*, 272 Ga. App. 491 (612 SE2d 833) (2005).

2. In the first enumeration of error, the Patels argue that the trial court erred in ruling that the Sanderses could be dismissed from the action "while allowing the case to continue solely against . . . (State Farm)."

This argument is controlled adversely to the Patels by *Dunn v. Kirsten*, 273 Ga. App. 27, 28 (614 SE2d 156) (2005). As pointed out in *Dunn*, supra, service by publication is necessary on known but unlocatable uninsured motorists for purposes of satisfying the condition precedent of a nominal judgment under OCGA § 33-7-11 (d) before the uninsured motorist carrier may be liable under the insured's contract and the statute. Id. That plaintiffs have been found to have performed adequate due diligence for the purpose of proceeding against their own insurance company does not satisfy the requirement for personal service on the Sanderses in order to obtain a money judgment against them. Id.

Although the record shows numerous attempts to serve the Sanderses prior to obtaining the order for service of publication in July 2002, no efforts to effect service on them since then have been shown. When, as here, the statute of limitation has expired, and the defendants raise the issue of defective service, the plaintiff must act with " 'the greatest possible diligence' from that point forward in order to serve the defendant (and have such service relate back to the filing of the complaint) or risk dismissal of his case. [Cit.]" *Williams*, supra at 208.

Service by publication does not confer personal jurisdiction over a defendant. *Wilson v. State Farm &c. Ins. Co.*, 239 Ga. App. 168, 170 (520 SE2d 917) (1999).

Therefore, under these circumstances, suit may be dismissed against the individual defendants while remaining against the uninsured motorist carrier. There was no error.

3. In their second enumeration, the Patels contend that the trial court's consideration of the Motion for Reconsideration filed by the Sanderses on June 2, 2003, was error because it was untimely under Uniform Superior Court Rule 6.2.

That rule states that "[u]nless otherwise ordered by the judge, each party opposing a motion shall serve and file a response, reply memorandum, affidavits, or other responsive material not later than 30 days after service of the motion."

First, we note that this rule does not appear to apply to the situation here. The Patels' motion for reconsideration had been granted by the trial court. The motion to reconsider that order, which granted plaintiffs the relief they requested, was not in response to the Patels' motion, but the court's order.

Further, there is no time limit even upon attacking a judgment on the basis of lack of personal jurisdiction. OCGA § 9-11-60 (d) (1); *Murphy v. Murphy*, 263 Ga. 280, 282 (430 SE2d 749) (1993).

4. To the extent that the third enumeration was not fully addressed in Division 2, supra, we find it without merit.

*Judgment affirmed. Phipps and Mikell, JJ., concur.*

DECIDED JANUARY 9, 2006.

*Perales & Fernandez, R. Andrew Fernandez*, for appellants.
*Harper, Waldon & Craig, Thomas D. Harper, Cooper & Makarenko, Gary M. Cooper*, for appellees.