## A07A0968. GREEN v. CIMAFRANCA.

(653 SE2d 782)

MIKELL, Judge.

Anthony Cimafranca was granted summary judgment in Tanika Green's personal injury action based upon her failure to exercise due diligence in serving Cimafranca after the expiration of the statute of limitation. Green appeals. We affirm.

The record shows that Green filed a complaint against Cimafranca in the State Court of Fulton County on November 15, 2005, eleven days before the two-year statute of limitation expired.[1] No attempt to serve the complaint was made before the statute of limitation expired. On November 29, 2005, three days after the expiration of the statute of limitation, a sheriff's deputy filed a "non est" return of service stating that Cimafranca no longer lived at the Fulton County address listed on the summons. Green conducted internet research and discovered a new address of 12 Piedmont Center, Suite 406, Atlanta. On December 1, 2005, Green mailed a copy of the complaint and summons to the Fulton County Marshal's Office requesting that Cimafranca be served at the Piedmont Center address. On December 12, 2005, a sheriff's deputy filed a "non est" return of service, writing on the return that Cimafranca was no longer employed by the business located at that address. On that same day, Cimafranca filed an answer, asserting as defenses insufficiency of service of process, lack of jurisdiction, and the expiration of the statute of limitation.

Green hired a "skip tracer" on December 22, who reported on the next day that Cimafranca's last known address was in California. On January 5, 2006, Green mailed a motion for service by publication to the State Court of Fulton County. A deputy clerk returned the motion, writing on a form, "must be walked thru [sic]." Green resubmitted the

---

[1] The automobile accident occurred on November 26, 2003. See OCGA § 9-3-33.

motion, which was stamped filed on February 20, 2006, but did not obtain an order for service by publication until one week later.

In the interim, on February 15, Cimafranca filed a motion to dismiss, or, in the alternative, for summary judgment. Attached to the motion is an affidavit in which Cimafranca states that no one at his residence had been served with the summons and complaint, that at all times pertinent to the lawsuit he has lived openly and notoriously, and that he has not attempted to evade service of process.

Two weeks later, Green attempted to have Cimafranca served in California but was unsuccessful. On March 8, 2006, Green retained a private investigator, who learned that Cimafranca was living in Cumming with another person, Nancy Watkins. On March 13, Green obtained an order appointing the investigator as a special process server, and she finally served Cimafranca by leaving the summons and complaint with Watkins on March 18.

In verified responses and objections to interrogatories and request for production of documents, Cimafranca listed 12 Piedmont Center, Suite 406, Atlanta, as his business address and the Cumming address where he was served as his residence. The verification was signed on December 27, 2005, two weeks after Cimafranca filed an answer, but the responses were not served until March 30, 2006. The responses were not filed with the court prior to oral argument.

In granting summary judgment to Cimafranca, the trial court entered a one-paragraph order without specifying any basis therefor. On appeal, Green argues that the trial court erred for three reasons: (1) she exercised due diligence in attempting to locate and serve Cimafranca; (2) the delay in service was not her fault but resulted from Cimafranca actively avoiding service; and (3) service by publication was effective because Cimafranca secreted himself to avoid service.

1. Green contends that the trial court erred in granting summary judgment because she exercised due diligence in serving Cimafranca. The standards by which we evaluate such a claim are as follows:

> Where an action is filed within the applicable limitation period but is not served upon the defendant within five days thereafter or within the limitation period, the plaintiff must establish that [s]he acted in a reasonable and diligent manner in attempting to insure that proper service was effected as quickly as possible; and if [s]he is guilty of laches in this regard, service will not relate back to the time of filing of the complaint for the purpose of tolling the statute of limitation. The plaintiff has the burden of showing that due diligence was exercised. Ordinarily, the determination of whether the

plaintiff was guilty of laches in failing to exercise due diligence in perfecting service after the running of the statute of limitations is a matter within the trial court's discretion and will not be disturbed on appeal absent abuse.[2]

Moreover, Green must show that the failure to effectuate proper service as quickly as possible was not her fault.[3] In addition, once Cimafranca filed an answer on December 12, 2005, asserting insufficient service of process as a defense, Green became obligated to exercise the "greatest possible diligence" in effecting service.[4]

In the case at bar, we cannot say that the trial court abused its discretion by impliedly finding that Green did not exercise the greatest possible diligence in serving Cimafranca personally after he filed his answer and the statute of limitation expired. Although Green hired a "skip tracer" on December 22, 2005, Green received the report on December 23 but did not attempt to move for an order for service by publication until January 5, 2006, and did not secure the order until February 27, 2006. There is no evidence that Green contacted the court during the interim to determine the progress of her motion.[5] By failing to do so, she did not exercise the greatest possible diligence.

Green argues that the order permitting service by publication constitutes a finding of due diligence as of the date of the order. In this regard, we have held that

> [e]ven though service by publication is insufficient to confer in personam jurisdiction over defendant, by granting the order permitting service by publication the trial court, in effect, made a finding of due diligence. Thus, as of the date of the order granting the request for service by publication, the trial court found the plaintiff had been diligent in the attempt to locate defendant.[6]

However, we have also noted that

> [t]he factors relevant to service by publication are not to be confused with the standards and purpose for personal service. Service by publication does not require a showing that

---

[2] (Citation omitted.) *Neely v. Jones*, 271 Ga. App. 487, 488-489 (1) (610 SE2d 133) (2005).

[3] See *Sykes v. Springer*, 220 Ga. App. 388, 389 (1) (469 SE2d 472) (1996).

[4] See *Davis v. Bushnell*, 245 Ga. App. 221, 222 (537 SE2d 477) (2000).

[5] Compare *Feinour v. Ricker Co.*, 269 Ga. App. 508, 509 (604 SE2d 588) (2004) (counsel's legal assistant followed up multiple times with the Fulton County Sheriff's Department over a two-month period and was told that it was still attempting service).

[6] (Citation and punctuation omitted.) *Winters v. Goins*, 235 Ga. App. 558, 560 (2) (509 SE2d 361) (1998).

service has been attempted but only that the party to be served has departed from the state, or cannot, after due diligence, be found within the state, or conceals himself to avoid the service of summons.[7]

Thus, a finding that Green exercised the requisite due diligence to authorize service by publication does not compel a finding that she exercised the greatest possible diligence in serving Cimafranca personally on March 18, 2006, three months after he filed an answer and nearly four months after the statute of limitation had run.

2. Green further argues that service by publication was effective because Cimafranca wilfully concealed himself to avoid service of process. As stated above, the general rule is that service by publication does not suffice to confer personal jurisdiction over a defendant.[8] However, "[o]ur Supreme Court has carved out an exception to this rule when a defendant with actual knowledge of the suit wilfully conceals himself to frustrate all reasonable efforts to effect personal service."[9] In contending that the exception applies here, Green argues that Cimafranca's filing of responsive pleadings on December 12, 2005, establishes that he had actual knowledge of the suit pending against him and that the evidence shows that he falsely represented that he was no longer employed at 12 Piedmont Center, Suite 406, Atlanta, where service was unsuccessfully attempted on December 12. Cimafranca's verified discovery responses reveal that he indeed worked at that address. Green thus asserts that Cimafranca wilfully concealed himself to frustrate all reasonable attempts to effect personal service. Cimafranca submitted an affidavit in which he stated that, at all times pertinent to the lawsuit, he has lived openly and notoriously and that he has not attempted to evade service of process. This conclusory affidavit, however, was not probative on the issue of service at his place of business.[10]

Nevertheless, these facts do not mandate a conclusion that Cimafranca wilfully concealed himself "to frustrate all reasonable

---

[7] (Citation and punctuation omitted.) *Williams v. Jackson*, 273 Ga. App. 207, 208 (614 SE2d 828) (2005).

[8] See *Baxley v. Baldwin*, 279 Ga. App. 480, 482 (2) (631 SE2d 506) (2006).

[9] Id., citing *Melton v. Johnson*, 242 Ga. 400, 402-403 (249 SE2d 82) (1978) (service by publication sufficient where defendant was sued in his county of residence, had actual knowledge of the suit pending against him, and wilfully concealed himself "in order to frustrate all reasonable efforts to effect personal service"). See OCGA § 9-11-4 (f).

[10] See *Keene v. Herstam*, 225 Ga. App. 115, 117 (1) (483 SE2d 335) (1997) ("an affidavit which is conclusory and is unsupported by substantiating fact or circumstances is insufficient to raise a genuine issue of material fact") (citation omitted).

efforts to effect personal service."[11] In *Patterson v. Lopez*,[12] we upheld a trial court's finding that plaintiff failed to exercise due diligence in serving a defendant after the statute of limitation expired.[13] In *Patterson*, as in this case, the plaintiff contended that she should not be found guilty of laches because the defendant was attempting to elude service. The defendant apparently had provided a fictitious address to authorities.[14] We stated that "[i]n determining whether [plaintiff] exercised diligence, however, we focus on her actions, not [defendant's]. The fact that a defendant may be hard to find does not justify a lack of effort on the part of [the] plaintiff."[15] In the case at bar, we cannot conclude that the trial court abused its discretion in impliedly concluding that Green had failed to sustain her burden of proving that Cimafranca wilfully concealed himself to frustrate all reasonable attempts at personal service.

*Judgment affirmed. Johnson, P. J., and Phipps, J., concur.*

DECIDED OCTOBER 24, 2007.

*Deming, Parker, Hoffman, Green & Campbell, Russell J. Parker, Jr.*, for appellant.

*Harper, Waldon & Craig, Russell D. Waldon*, for appellee.

---

[11] See *Melton*, supra at 403 (defendant successfully evaded all attempts by plaintiff's counsel to effect personal service; counsel spoke with defendant by telephone, explained lawsuit, requested that defendant permit himself to be served, and defendant refused).

[12] 279 Ga. App. 840 (632 SE2d 736) (2006).

[13] Id. at 843 (2).

[14] Id. at 842 (2).

[15] (Punctuation and footnotes omitted.) Id. at 843 (2).