## A10A0865. MORENO v. NAYLOR.

(699 SE2d 838)

MILLER, Chief Judge.

Violanda Moreno filed the underlying personal injury lawsuit against Loretta Diane Naylor six days before the expiration of the two-year statute of limitation,[1] but did not serve process on her until almost four months after the statute of limitation had run, and then only by publication. The trial court granted Naylor's motion to dismiss on the ground that Moreno had not acted with the required diligence in effecting service. Moreno appeals, arguing (i) the exercise of due diligence as foreclosing dismissal, and (ii) due diligence as established by the trial court's order permitting service by publication. Finding no abuse of discretion upon the dismissal of the underlying action, we affirm.

> Ordinarily, the determination of whether the plaintiff was guilty of laches in failing to exercise due diligence in perfecting service after the running of the statute of limitations is a matter within the trial court's discretion and will not be disturbed on appeal absent abuse.

(Punctuation and footnote omitted.) *Green v. Cimafranca*, 288 Ga. App. 16, 17-18 (1) (653 SE2d 782) (2007).

The record shows that Moreno sued Naylor on November 14, 2008 for personal injuries suffered in a November 20, 2006 automobile accident. Moreno alleged that in turning left, Naylor had negligently failed to yield at an intersection causing her vehicle to collide with the vehicle in which Moreno was a passenger. Moreno, through counsel, employed a private process service company owned by David Batzle to serve Naylor. Jenner Arnold, an associate in Batzle's company and not a process server qualified to serve process

---

[1] OCGA § 9-3-33 provides a two-year statute of limitation for actions for personal injury.

in the trial court, thereafter attempted to serve process on Naylor at her Powder Springs residence on eight different occasions and at different times between November 15, 2008 and November 22, 2008. In her affidavit of diligence, Arnold noted that "no one was home, the T.V. was on, no cars in drive[.]" On December 1, 2008, Moreno was first put on notice that Naylor had not been served within the two-year statute of limitation when Batzle informed Moreno's attorney that service had not been perfected at that time. Moreno allowed two-and-a-half months to elapse between the last service attempt at Naylor's residence and the filing of her motion for service by publication. During that period of time Batzle lost contact with Arnold and, apart from multiple phone calls to Batzle seeking an update as to Batzle's efforts to locate Arnold and personal searches for Arnold at a new address undertaken on the internet, Moreno's attorney made no other attempt to serve Naylor.

Naylor filed her answer on January 12, 2009, again placing Moreno on notice that she had not been personally served, raised the affirmative defenses of insufficiency of process and insufficiency of service of process pursuant to OCGA § 9-11-12 (b) (4) and (5), respectively, and stated that she could be served at her residence where service had purportedly been attempted.

The trial court granted Moreno's motion to allow service by publication on February 10, 2009, and, on March 11, 2009, entered its order perfecting service on Naylor by publication. Following a hearing on Naylor's motion to dismiss or alternatively for summary judgment for lack of service filed on March 13, 2009, the trial court dismissed Moreno's lawsuit. The instant appeal followed.

1. Moreno challenges the trial court's dismissal of the underlying action, contending that she exercised due diligence in serving Naylor. We disagree.

> Where an action is filed within the applicable limitation period but is not served upon the defendant within five days thereafter or within the limitation period, the plaintiff must establish that she acted in a reasonable and diligent manner in attempting to insure that proper service was effected as quickly as possible; and if she is guilty of laches in this regard, service will not relate back to the time of filing of the complaint for the purpose of tolling the statute of limitation. The plaintiff has the burden of showing that due diligence was exercised.

(Punctuation and footnote omitted.) *Green*, supra, 288 Ga. App. at 17 (1). Moreover, Moreno must show that the failure to effectuate proper service as quickly as possible was not her fault (see *Sykes v.*

FALK LAW LIBRARY

*Springer*, 220 Ga. App. 388, 389 (1) (469 SE2d 472) (1996)), and, when Naylor filed her answer on January 12, 2009 asserting insufficient service of process as a defense, Moreno became obligated to exercise the "greatest possible diligence" in effecting service. (Punctuation and footnote omitted.) *Davis v. Bushnell*, 245 Ga. App. 221, 222 (537 SE2d 477) (2000).

It is undisputed that Moreno exercised the requisite due diligence to locate Arnold in order to effect service by publication. See *Williams v. Jackson*, 273 Ga. App. 207, 208 (614 SE2d 828) (2005) (unlike personal service requiring a showing that service has been attempted, service by publication requires only that the party to be served has "departed from the state, or cannot, after due diligence, be found within the state, or conceals himself to avoid . . . service"). There is no evidence of record, however, that Moreno acted with the greatest possible diligence to serve Arnold personally after Naylor filed her answer and the statute of limitation had run. *Davis*, supra, 245 Ga. App. at 222. Specifically, apart from Arnold's unsuccessful efforts to serve process on Naylor on November 21 and 22, 2008, there is no evidence that Moreno made any effort to personally serve Naylor after the statute of limitation expired on November 20, 2008. The record shows only that she filed her motion for service by publication approximately two-and-a-half months later. Accordingly, the trial court did not abuse its discretion in dismissing Moreno's lawsuit for lack of service. *Green*, supra, 288 Ga. App. at 17-18 (1).

2. And, Moreno's claim to the contrary notwithstanding, it is well settled that service by publication alone was insufficient for the trial court to obtain personal jurisdiction over Naylor and for Moreno to obtain a personal judgment against her. *Williams*, supra, 273 Ga. App. at 207; *Wilson v. State Farm &c. Ins. Co.*, 239 Ga. App. 168, 171 (520 SE2d 917) (1999). Consequently, there also was no abuse of discretion upon the dismissal of the underlying action on this account. *Green*, supra, 288 Ga. App. at 17-18 (1).

*Judgment affirmed. Phipps, P. J., and Johnson, J., concur.*

DECIDED AUGUST 4, 2010.

*Jorge L. Flores, Jr., Stephen D. Payne*, for appellant.
*Carlock, Copeland & Stair, Molly B. Gillis*, for appellee.