A11A1044. BRASILE v. BECK et al.

(717 SE2d 677)

SMITH, Presiding Judge.

Julie Brasile appeals from the trial court's dismissal of her renewal action against Jennifer Beck and Viona Fox. We affirm because Brasile's original action was void based upon her failure to personally serve Beck and Fox.

The record shows that Brasile was injured in an automobile accident on October 22, 2006. On September 28, 2008, Brasile filed a complaint against Beck and Fox in Peach County Superior Court. After the sheriff's department was unable to personally serve the defendants at the address provided, Brasile obtained an order for service by publication on October 29, 2008. After realizing that the defendants might be residents of Crawford County, plaintiff's counsel dismissed the Peach County case in May 2009, after the expira-

tion of the statute of limitation.

On August 5, 2009, Brasile filed a renewal action in Chatham County State Court, and she personally served Beck and Fox with the summons and complaint. The State court subsequently granted Beck and Fox's motion to transfer the case to Crawford County Superior Court.

Beck and Fox then moved to dismiss the renewal complaint in Crawford County based upon Brasile's failure to personally serve them with the original action. The trial judge held a hearing on the motion more than three months after Brasile filed an initial response to the motion to dismiss. During the hearing, the judge did not hear the merits, but instead gave Brasile an opportunity to submit evidence in writing after the hearing. Two weeks later, Brasile's counsel filed an affidavit summarizing his initial efforts to personally serve Beck and Fox in the original Peach County action. His affidavit does not include any details about any continuing efforts to personally serve them with the original Peach County action after he obtained the order for service by publication.

Six weeks after plaintiff's counsel's affidavit was submitted, the trial court issued a written order granting summary judgment to Beck and Fox due to Brasile's failure to personally serve them in her original action before voluntarily dismissing it.

1. Brasile asserts the trial court erred by converting the motion to dismiss into one for summary judgment, resulting in unspecified "extreme prejudice" to Brasile. While Brasile correctly asserts that the trial court erred by converting the motion to dismiss based upon insufficient service into a motion for summary judgment, *Poteate v. Rally Mfg.*, 260 Ga. App. 34, 35 (1) (579 SE2d 44) (2003), we find no error because Brasile cannot demonstrate how she has been prejudiced. "Regardless of the nomenclature, the issue before the trial court was the same. . . ." (Citation omitted.) Id. And, Brasile had adequate notice and opportunity to respond to the converted summary judgment motion. See *Jones v. Ward*, 201 Ga. App. 757, 758-759 (1) (412 SE2d 576) (1991).

2. Brasile asserts the trial court erred by dismissing her renewal action because her failure to personally serve the defendants in the original action did not render it void. We disagree.

"The renewal statute applies only to actions that are valid prior to dismissal. To constitute a 'valid action,' the complaint must be served personally on the defendant." (Citations omitted.) *Hudson v. Mehaffey*, 239 Ga. App. 705, 706 (521 SE2d 838) (1999). Service by publication is insufficient to obtain a personal judgment against any defendant and renders an original action void for purposes of the renewal statute. *Williams v. Hunter*, 291 Ga. App. 731, 732 (662 SE2d 810) (2008); *Costello v. Bothers*, 278 Ga. App. 750, 752 (2) (629

SE2d 599) (2006); *Hawkins v. Wilbanks*, 248 Ga. App. 264, 265 (546 SE2d 33) (2001).

Contrary to Brasile's assertions, the Supreme Court's decision in *Hobbs v. Arthur*, 264 Ga. 359 (444 SE2d 322) (1994), does not require a different result. In *Hobbs*, the defendants in the original actions were personally served, and the original suits were therefore not void. In this case, neither of the two defendants was personally served in the original action.

*Judgment affirmed. Mikell and Dillard, JJ., concur.*

### DECIDED OCTOBER 14, 2011.

*Scheer & Montgomery, Craig A. Call*, for appellant.
*Wallace Miller III*, for appellees.