**SECOND DIVISION**
**BARNES, P. J.,**
**ADAMS and MCFADDEN, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)**
**http://www.gaappeals.us/rules/**

**November 26, 2012**

# In the Court of Appeals of Georgia

A12A1182. RAGAN v. MALLOW.

BARNES, Presiding Judge.

The trial court granted the defendant's motion to dismiss this personal injury case for lack of personal jurisdiction because the defendant was never served. The plaintiff appeals, arguing that the trial court should have made factual findings about whether the defendant acted in bad faith by avoiding service and about the level of the plaintiff's diligence in attempting to have the defendant served. He also argues that the defendant waived his jurisdictional and service defenses by filing a notice of his intention to introduce medical reports in narrative form. Because the statute of limitations ran in June 2010, the defendant was never served, and he did not waive his service and jurisdictional defenses, we affirm.

Plaintiff Heather Ragan filed suit against defendant Derek J. Mallow on May 27, 2010, alleging that she was injured in a car wreck on June 24, 2008. She served her uninsured motorist ("UM") carrier and the defendant's insurer on June 1, 2010. Service was attempted on the defendant at the address listed on the accident report, but on the June 2, 2010 return of service, the deputy sheriff noted that the defendant was "no longer at [that] address." The uninsured motorist carrier filed an answer and cross-claimed against the defendant on June 11, 2010. On June 28, 2010, the defendant also filed an answer, raising defenses of insufficient service, lack of personal jurisdiction, and the running of the statute of limitations. He also filed a separate notice of his intention at trial to offer into evidence the plaintiff's medical reports in narrative form under OCGA § 24-3-18.

After the unsuccessful attempt at personal service on June 2, 2010, the plaintiff hired a private investigator, who provided her with a new address for the defendant on Birchfield Drive. On August 6, 2010, the sheriff served a copy of the complaint and summons on the defendant's attorney and on August 9, 2010, the sheriff unsuccessfully attempted to serve the defendant at the Birchfield Drive address.

The defendant filed a "renewed" answer on August 11, 2010, again raising the defenses of lack of jurisdiction and process, and service of process. On August 16,

2

2010, the plaintiff filed an objection to the documents included in the defendant's notice of his intention at trial to introduce narrative medical reports.

On September 15, 2010, the defendant moved to dismiss the suit because the statute of limitations had run without him being personally served, arguing that the plaintiff had not exercised "the greatest possible diligence" in attempting to have him served. On October 14, 2010, the plaintiff filed a motion for service by publication and an objection to the motion to dismiss. Attached to her motion for service by publication was her attorney's affidavit attesting to his attempts to obtain service on the defendant, first at the address on the police report, then at the Birchfield Drive address provided by the private investigator. The attorney stated that the defendant was not listed in any Georgia telephone registries, that the Department of Motor Vehicles could not "supply any useful information" regarding the defendant's location, and that attempts to locate the defendant through the Internet had been unsuccessful.

Also attached to the motion was an affidavit from the deputy sheriff who attempted service at Birchfield Drive stating that "on various attempts to serve Defendant Derek J. Mallow at his residence of . . . Birchfield Drive, Savannah, Georgia, [the deputy] was told by Mr. Mallow's mother that his lawyer told him to

3

keep dodging the police and not let him get served." In her objection to the motion to dismiss, the plaintiff argued that she had acted diligently in attempting to perfect service and had overcome the heightened requirement of "the greatest possible diligence" in attempting service after the statute ran by introducing evidence showing that the defendant had wilfully and deliberately avoided being served.

The defendant objected to the motion for service by publication and filed his own affidavit, averring that he had never avoided service, hidden or concealed himself, attempted to alter his identity or hide his address, and had not left the state since suit was filed in May 2009. He also said that he had moved from the address in the police report in January 2009, that his aunt lived at the Birchfield Drive address, that he moved from that address in May 2009, and that since May 2009 he had lived at his present residence, the address of which was not included in the affidavit. Finally, the defendant stated that his attorney in this case had not advised him to avoid service but instead had advised him to accept the papers if service was attempted at his residence or elsewhere. His attorney also submitted an affidavit in which he stated that he had never advised his client to avoid service.[1]

---

[1]Plaintiff stated at the subsequent motion hearing and again in her appellate brief that she did not intend to imply that defense counsel in this case had advised the defendant to avoid service but speculated that such advice might have come from the

4

In December 2010, the defendant asked the trial court to place the motion to dismiss on a hearing calendar. At a hearing on April 6, 2011, the defendant argued that the plaintiff had not been diligent in attempting to perfect service, that the defendant had in fact never been personally served, that the statute had run, and that the case should be dismissed. He also argued that the plaintiff was not entitled to serve him by publication because, as established by his affidavit, he had not been concealing himself or otherwise avoiding service.

The plaintiff responded at the hearing by outlining the diligent steps she had taken to serve the defendant, as previously described, and noted that she had requested an order granting her the ability to serve the defendant by publication because he was avoiding service. While personal service on the defendant had been unsuccessful, the plaintiff argued, the defendant was not prejudiced because he had received actual notice and had not only answered the complaint but had taken the affirmative step of filing a notice of his intent to introduce the plaintiff's medical narratives. By filing this notice, the plaintiff argued, the defendant waived his affirmative defenses of lack of personal jurisdiction, service, and service of process. The trial court took the matter under advisement, and in June 2011 the defendant filed

defendant's criminal defense lawyer.

5

a supplemental brief. The plaintiff filed two supplemental responses in June and July 2011.

In August 2011, the trial court issued an order granting the plaintiff permission to serve the defendant by publication. Although the court made no findings about whether the defendant had concealed himself to avoid being served, it noted that the plaintiff sought the order under OCGA § 9-11-4 (f) (1) (A), which allows service by publication on the ground that the defendant "conceals himself . . . to avoid the service of the summons." Further, while the court found that the sheriff's affidavit contained inadmissible hearsay from someone claiming to be the defendant's mother, it considered the affidavit to explain "the conduct of the officer and reliance by counsel for Plaintiff."

Pursuant to the order granting the motion for service by publication, a deputy clerk filed a "Certificate of Mailing in September 2011," certifying that she had mailed the attached "Notice for Service by Publication . . . together with a copy of the Order for Service by Publication and Complaint" to the defendant at the Birchfield Drive address where the sheriff had unsuccessfully attempted service the year before. The record contains a return receipt for the certified mail, apparently signed by the defendant on September 28, 2011. The record also contains an affidavit of publication

6

establishing that the notice of service by publication had been published four times. The defendant filed a third answer on September 29, 2011, again asserting the defenses of lack of personal jurisdiction and service of process.

The next document in the record is an order from the trial court filed on November 2, 2011, granting the defendant's motion to dismiss for lack of personal jurisdiction and lack of service of process. In its order, the court did not address the fact that it had granted the plaintiff's motion for service by publication, but held that "service by publication alone was insufficient for the trial court to obtain personal jurisdiction." It found that the defendant did not waive his defenses of insufficient service and lack of personal jurisdiction by filing the notice of his intent to introduce into evidence the plaintiff's medical narratives. The court further held:

> Lacking personal jurisdiction, this Court cannot reach the merits of the Defendant's statute of limitations defense. However, this Court may dismiss the case under OCGA § 9-11-12 (b) (2), (4), and (5) as a matter in abatement without prejudice. *South v. Montoya*, 244 Ga. App. 52 [537 SE2d 367] (2000).

The plaintiff moved the court to reconsider the dismissal and consider factual evidence of its diligence in attempting personal service, arguing that she "should be afforded the opportunity to present the Court with factual evidence showing the level

of diligence used in attempting to perfect service." Despite granting the plaintiff a 30-day extension of time to file a notice of appeal, however, the court did not rule on the motion for reconsideration.

1. The plaintiff contends that the trial court erred in issuing its order of dismissal without making findings of fact on her level of diligence in attempting service and on the defendant's bad faith in avoiding service, which she contends are relevant to the determination of whether she exercised sufficient diligence in attempting to obtain service on the defendant. She argues that after the trial court granted the defendant's motion to dismiss, she sought through her motion for reconsideration the opportunity to introduce additional evidence of her diligence, "realizing that the trial court may have focused too much on the published service aspect as opposed to the avoidance of service."

The trial court did not err. The issue before this court is simple. The defendant was never served, so it does not matter how diligently the plaintiff attempted to have service perfected. The level of diligence only matters in determining whether service by publication was constitutionally permissible, as in *Abba Gana v. Abba Gana*, 251 Ga. 340, 343 (1) (304 SE2d 909) (1983), or whether service perfected after the expiration of the statute of limitations relates back to the filing date, before the

8

expiration of the statute. See, e.g., *Duffy v. Lyles*, 281 Ga. App. 377 (636 SE2d 91) (2006) (plaintiff required to exercise diligence in perfecting service after statute of limitation runs); *State Farm v. Manders*, 292 Ga. App. 793 (1) (665 SE2d 886) (2008) (plaintiff required to exercise "greatest possible diligence" to perfect service if statute expires and defendant raises issue of defective service).

"If service is never perfected and is not waived, the court does not acquire jurisdiction over the defendant and the suit is void, since the filing of a complaint without perfecting service does not constitute a pending suit." *South v. Montoya*, 244 Ga. App. at 52 (1). Accordingly, as the defendant has never been personally served, the trial court did not err in granting the defendant's motion to dismiss without prejudice for lack of personal jurisdiction, insufficient service, and insufficient service of process under OCGA §§ 9-11-12 (b) (2), (4) and (5).

We do not consider in this case whether service by publication conferred personal jurisdiction on this defendant under the limited circumstances permitted by OCGA § 9-11-4 (f) (1) (A), because the plaintiff specifically disclaimed this argument in her reply brief. But see *Melton v. Johnson*, 242 Ga. 400 (249 SE2d 82) (1978); *Hutcheson v. Elizabeth Brennan Antiques*, 317 Ga. App. 123, 126-127 (1) (730 SE2d 514) (2012); and *Sauls v. Atchison*, 316 Ga. App. 792 (730 SE2d 459)

9

(2012), holding that service by publication and mail is sufficient to confer personal jurisdiction over a resident with actual notice of a lawsuit who concealed himself to avoid service.[2]

2. The plaintiff also contends that the trial court erred in finding that the defendant did not waive his defenses by filing a notice of his intent to introduce the plaintiff's medical narrative. OCGA § 9-11-12 (h) provides that a "defense of lack of jurisdiction over the person, improper venue, insufficiency of process, or insufficiency of service of process is waived" if it is not raised by a motion filed contemporaneously with the answer or included in the answer, but "[a]fter a party has properly raised such a defense, it will only be found waived if the party later engages

---

[2]Despite these holdings, Georgia case law is rife with cases making the incorrect assertion that service by publication is never sufficient to confer personal jurisdiction against any defendant. See, e.g., *Brasile v. Beck*, 312 Ga. App. 77, 78 (2) (717 SE2d 677) (2011); *Moreno v. Naylor*, 305 Ga. App. 504, 506 (2) (699 SE2d 838) (2010); *Long v. Bellamy*, 296 Ga. App. 263, 267 (1) (c) (674 SE2d 120) (2009); *State Farm v. Manders*, 292 Ga. App. at 794; *Costello v. Bothers*, 278 Ga. App. 750, 752 (2) (629 SE2d 599) (2006); *Patel v. Sanders*, 277 Ga. App. 152, 154 (2) (626 SE2d 145) (2006); *Cohen v. Allstate Ins. Co.*, 277 Ga. App. 437, 438 (626 SE2d 628) (2006); *Williams v. Jackson*, 273 Ga. App. 207, 209 (614 SE2d 828) (2005); *Wilson v. State Farm*, 239 Ga. App. 168, 172 (520 SE2d 917) (1999). *Winters v. Goins*, 235 Ga. App. 558, 560 (2) (509 SE2d 361) (1998); *Smith v. Johnson*, 209 Ga. App. 305, 306 (1) (433 SE2d 404) (1993); *Douglas v. Woon*, 205 Ga. App. 355, 356 (1) (422 SE2d 61) (1992); *Starr v. Wimbush*, 201 Ga. App. 280, 282 (2) (410 SE2d 776) (1991); and *Norman v. Daniels*, 142 Ga. App. 456, 459 (2) (a) (236 SE2d 121) (1977).

in conduct so manifestly indicative of an intention to relinquish a known right or benefit that no other reasonable explanation of its conduct is possible." *Heis v. Young*, 226 Ga. App. 739, 740 (3) (487 SE2d 403) (1997); see also *Exum v. Melton*, 244 Ga. App. 775, 777 (2) (b) (536 SE2d 786) (2000).

In this case, the defendant asserted his defenses of lack of personal jurisdiction, insufficient service, and insufficient service of process in his initial and subsequent answers. OCGA § 24-3-18 (a) requires that a party intending to introduce a medical narrative give at least 60 days notice to the adverse party, who may object to its admissibility within 15 days of receiving the notice.[3] Filing the notice of his intention to introduce the plaintiff's medical narratives did not manifest an intention on the defendant's part to relinquish his service defenses, but simply preserved an evidentiary issue should it arise later. *Joyner v. Schiess*, 236 Ga. App. 316, 317-318 (512 SE2d 62) (1999) (demands in answer for pretrial conference and jury trial did not waive service defenses, but "served to preserve at an early stage of litigation any rights regarding these possible future events").

---

[3]We note that, as of January 1, 2013, this statute will stand repealed when the new evidence code becomes effective.

Therefore, the trial court did not err in finding that the defendant had not waived his defenses of lack of personal jurisdiction or insufficient service or service of process by filing this notice.

*Judgment affirmed. Adams and McFadden, JJ., concur.*