**WHOLE COURT**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed. (Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008) http://www.gaappeals.us/rules/

**December 14, 2012**

# In the Court of Appeals of Georgia

A12A1182. RAGAN v. MALLOW.

BARNES, Presiding Judge.

The trial court granted the defendant's motion to dismiss this personal injury case for lack of personal jurisdiction because the defendant was never personally served, although he was served by publication. The court specifically held that service by publication alone is insufficient for the trial court to obtain personal jurisdiction, citing a recent case from this court. The plaintiff appeals, arguing that the trial court erred in dismissing her case because the defendant waived his jurisdictional and service defenses, and erred in failing to determine whether she diligently attempted service and whether the defendant avoided service in bad faith. While we hold that the defendant did not waive his defenses, we hereby overrule prior cases holding

incorrectly that service by publication can *never* confer personal jurisdiction, vacate the order of dismissal, and remand for further proceedings.

Plaintiff Heather Ragan filed suit against defendant Derek J. Mallow on May 27, 2010, alleging that he was liable for injuries she received in a car wreck on June 24, 2008. She served her uninsured motorist carrier and Mallow's insurer, but an attempt to serve the defendant on June 2, 2010 at the address listed for him on the police report was unsuccessful. On June 28, 2010, the defendant answered the complaint, raising the affirmative defenses of insufficient service, lack of personal jurisdiction, and the running of the statute of limitations. He also filed a separate notice of his intention to offer into evidence at trial the plaintiff's medical reports in narrative form under OCGA § 24-3-18.[1]

The plaintiff obtained a new address for the defendant from a private investigator, but service on that second address was unsuccessful on August 9, 2010. The defendant filed another answer on August 11, 2010, again asserting his affirmative defenses, and moved to dismiss the suit in September 2010 because the statute of limitation had passed without him being personally served. In October

---

[1]We note that, as of January 1, 2013, this statute will stand repealed when the new evidence code becomes effective.

2

2010, the plaintiff objected to the motion to dismiss and moved the court for permission to serve the defendant by publication. In an attached affidavit, her attorney attested to the plaintiff's efforts to obtain personal service on the defendant at two different addresses. The attorney further stated that the defendant was not listed in any Georgia telephone registries, that the Department of Motor Vehicles could not "supply any useful information" regarding the defendant's location, and that attempts to locate the defendant through the Internet had been unsuccessful.

Also attached was an affidavit from the deputy sheriff who attempted service at the second address in August 2010, who stated that "on various attempts to serve Defendant Derek J. Mallow at his residence of . . . Birchfield Drive, Savannah, Georgia, [the deputy] was told by Mr. Mallow's mother that his lawyer told him to keep dodging the police and not let him get served." The plaintiff argued in her motion that service by publication was warranted because she had sued the defendant in his county of residence, he had actual knowledge of the suit, and he had wilfully concealed himself to avoid being served.

The defendant objected to the motion for service by publication and filed his own affidavit, averring that he had never avoided service, hidden or concealed himself, attempted to alter his identity or tried to hide his address, and had not left the

3

state since suit was filed in May 2010. He also said that he had moved from the address in the police report in January 2009, that he moved from the second address where his aunt lived in May 2009, and that since then he had lived at his present residence, the address of which was not included in the affidavit.[2]

At a hearing in April 2011 on the defendant's motion to dismiss, the defendant argued that the plaintiff was not entitled to serve him by publication because, as established by his affidavit, he had not been concealing himself or otherwise avoiding service. The plaintiff responded at the hearing by outlining her attempts to obtain service and noted that she had moved the court for permission to serve the defendant by publication because he was avoiding service. While personal service on the defendant had been unsuccessful, the plaintiff argued, the defendant was not prejudiced because he had received actual notice, had answered the complaint, and had waived his affirmative defenses by filing a notice of his intent to introduce the plaintiff's medical narratives at trial.

---

[2]Plaintiff stated at the motion hearing and again in her appellate brief that she did not intend to imply that defense counsel in this case had advised the defendant to avoid service, speculating that such advice might have come from the defendant's criminal defense lawyer.

The trial court took the matter under advisement, and three months later the defendant filed a supplemental brief, followed by two supplemental briefs from the plaintiff. Before ruling on the motion to dismiss, however, the trial court granted the plaintiff's motion for service by publication in August 2011. Although the trial court apparently made no decision about whether the defendant had deliberately avoided service, it noted that the plaintiff relied on OCGA § 9-11-4 (f) (1) (A) and quoted the statute, which provides in relevant part:

> When the person on whom service is to be made conceals himself or herself to avoid the service of the summons, and the fact shall appear, by affidavit, to the satisfaction of the judge or the clerk of the court, and it shall appear, either by affidavit or by a verified complaint on file, that a claim exists against the defendant in respect to whom the service is to be made, and that he or she is a necessary or proper party to the action, the judge or clerk may grant an order that the service be made by the publication of summons. Further, while the court found that the sheriff's affidavit contained inadmissible hearsay from someone claiming to be the defendant's mother, it nonetheless considered the affidavit to explain "the conduct of the officer and reliance by counsel for Plaintiff."

As required by OCGA § 9-11-4 (f) (1) (C), the record includes a copy of the "Notice for Service by Publication" directing the defendant to file an answer to the complaint within 60 days of the order of service by publication and the court clerk's

5

certificate that she mailed the notice, order, and complaint to the defendant at the Birchfield Drive address on September 7, 2011. Also included is a copy of a certified mail return receipt apparently signed by the defendant on September 28, 2011 at the Birchfield Drive address, at which service had been unsuccessful in August 2009. Finally, the record contains an affidavit dated October 7, 2011 from a clerk at the legal paper of record attesting that the notice had been published, which met the requirements of OCGA § 9-11-4 (f) (1) (C).

The next document in the record is the trial court's November 2, 2011 order granting the defendant's motion to dismiss. The court stated that "service by publication alone was insufficient for the trial court to obtain personal jurisdiction," citing *Moreno v. Naylor*, 305 Ga. App. 504, 506 (2) (699 SE2d 838) (2010), and then held that the defendant did not waive his affirmative defenses by filing the notice of his intent to introduce medical narratives. The court further held that, because it lacked personal jurisdiction over the defendant, it could not reach the merits of the statute of limitations defense raised in the defendant's motion to dismiss, but dismissed the case "under OCGA § 9-11-12 (b) (2), (4), and (5) as a matter in abatement without prejudice. *South v. Montoya*, 244 Ga. App. 52 [537 SE2d 367] (2000)."

6

The plaintiff argues on appeal that the trial court erred in finding that the defendant did not waive his affirmative defenses, and in failing to determine whether the defendant evaded service in bad faith and the plaintiff was diligent in attempting service.

1. The trial court did not err in holding that the defendant did not waive his affirmative defenses by filing a notice of his intent to introduce the plaintiff's medical narrative. While OCGA § 9-11-12 (h) provides that the defenses may be waived if not included in the answer or contained in a motion to dismiss filed with the answer, once properly raised, they are waived only by "conduct so manifestly indicative of an intention to relinquish a known right or benefit that no other reasonable explanation of its conduct is possible." *Heis v. Young*, 226 Ga. App. 739, 740 (3) (487 SE2d 403) (1997); see also *Exum v. Melton*, 244 Ga. App. 775, 777 (2) (b) (536 SE2d 786) (2000).

In this case, the defendant properly asserted his affirmative defenses in his answer. Filing the notice of his intention to introduce the plaintiff's medical narratives as required by OCGA § 24-3-18 (a) did not manifest an intention on the defendant's part to relinquish his defenses, but simply preserved an evidentiary issue should it arise later. *Joyner v. Schiess*, 236 Ga. App. 316, 317-318 (512 SE2d 62)

(1999) (demands in answer for pretrial conference and jury trial did not waive service defenses, but "served to preserve at an early stage of litigation any rights regarding these possible future events").

2. The plaintiff also contends that the trial court erred in dismissing her case without deciding whether the defendant acted in bad faith to avoid personal service, "whether the plaintiff exercised the appropriate diligence, and whether any other utilized method of service should be considered valid." It is clear from the order that the trial court did not make these determinations, so we must vacate the order and remand for the court to do so.

While it is generally true that service by publication does not confer personal jurisdiction on a defendant, a judge may order service by publication if it appears "by affidavit, to the satisfaction of the judge" that a defendant "conceals himself . . . to avoid the service of the summons." OCGA § 9-11-4 (f) (1) (A). Service must be properly published as set forth in OCGA § 9-11-4 (f) (1) (C). If the defendant is a resident who is actually present within the jurisdiction of the court, has actual knowledge of the suit, and "wilfully secrets himself in order to frustrate all reasonable efforts to effect personal service," then the service by publication affords sufficient due process and confers personal jurisdiction over the defendant. *Melton v. Johnson*,

8

242 Ga. 400, 403-404 (249 SE2d 82) (1978). See also *Hutcheson v. Elizabeth Brennan Antiques*, 317 Ga. App. 123, 126-127 (1) (730 SE2d 514) (2012) (trial court did not err in ordering service by publication based on evidence defendant was evading personal service, but actual publication invalid because court clerk did not comply with OCGA § 9-11-4 (f) (1) (C)); *Green v. Cimafranca*, 288 Ga. App. 16, 18 (1) (653 SE2d 782) (2007) (no abuse of discretion in implied finding that plaintiff failed to prove defendant wilfully concealed himself to frustrate personal service); *Baxley v. Baldwin*, 279 Ga. App. 480, 482 (2) (631 SE2d 506) (2006) (affirming trial court's finding that facts did not show wilful concealment); *Southeastern Security Ins. Co. v. Lowe*, 242 Ga. App. 535, 536 (1) (530 SE2d 231) (2000) (service by publication insufficient to confer personal jurisdiction because plaintiff offered no facts showing wilful evasion of personal service).

The trial court relied on *Moreno v. Naylor*, 305 Ga. App. 504, 506 (2) (699 SE2d 838) (2010), as support for the proposition that "service by publication alone is insufficient for the trial court to obtain personal jurisdiction." To the extent that *Moreno* and the following cases hold that service by publication is *never* sufficient to confer personal jurisdiction against any defendant, they are overruled: *Brasile v. Beck*, 312 Ga. App. 77, 78 (2) (717 SE2d 677) (2011); *Long v. Bellamy*, 296 Ga. App.

9

263, 267 (1) (c) (674 SE2d 120) (2009); *State Farm v. Manders*, 292 Ga. App. 793, 794 (1) (665 SE2d 886) (2008); *Wyatt v. House*, 287 Ga. App. 739, 740 (2) (652 SE2d 627) (2007); *Costello v. Bothers*, 278 Ga. App. 750, 752 (2) (629 SE2d 599) (2006); *Patel v. Sanders*, 277 Ga. App. 152, 154 (2) (626 SE2d 145) (2006); *Cohen v. Allstate Ins. Co.*, 277 Ga. App. 437, 438 (626 SE2d 628) (2006); *Williams v. Jackson*, 273 Ga. App. 207, 209 (614 SE2d 828) (2005); *Saxton v. Davis*, 262 Ga. App. 72 (584 SE2d 683) (2003); *Hawkins v. Wilbanks*, 248 Ga. App. 264, 265 (546 SE2d 33) (2001); *Wilson v. State Farm*, 239 Ga. App. 168, 172 (520 SE2d 917) (1999). *Winters v. Goins*, 235 Ga. App. 558, 560 (2) (509 SE2d 361) (1998); *Bailey v. Lawrence*, 235 Ga. App. 73 (508 SE2d 450) (1998); *Smith v. Johnson*, 209 Ga. App. 305, 306 (1) (433 SE2d 404) (1993); *Douglas v. Woon*, 205 Ga. App. 355, 356 (1) (422 SE2d 61) (1992); *Starr v. Wimbush*, 201 Ga. App. 280, 282 (2) (410 SE2d 776) (1991); and *Norman v. Daniels*, 142 Ga. App. 456, 459 (2) (a) (236 SE2d 121) (1977).

In this case, the trial court granted the plaintiff's motion for service by publication, the defendant was served by publication, and then the trial court granted the defendant's motion to dismiss without determining whether the service by publication was sufficient to confer personal jurisdiction over the defendant.

10

Accordingly, we vacate the trial court's order of dismissal and remand this case to the trial court for further proceedings consistent with this opinion.

*Judgment vacated and case remanded. Miller, P. J., Doyle, P. J., Andrews, Adams, Dillard, McFadden, Boggs, Ray, Branch, JJ., concur. Ellington, C. J., and Phipps, P. J., concur in judgment only.*