**THIRD DIVISION**
**DOYLE, P. J.,**
**REESE and BROWN, JJ.**

**NOTICE: Motions for reconsideration must be**
*physically received* **in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

*DEADLINES ARE NO LONGER TOLLED IN THIS*
*COURT. ALL FILINGS MUST BE SUBMITTED WITHIN*
*THE TIMES SET BY OUR COURT RULES.*

**September 15, 2021**

# In the Court of Appeals of Georgia

A21A1030. ALSTON et al. v. OWNERS INSURANCE
COMPANY.

A21A1031. ALSTON et al. v. OWNERS INSURANCE
COMPANY.

DOYLE, Presiding Judge.

In two similar cases, Plaintiffs Darren and Tolanda Alston appeal from orders

dismissing two related renewal actions they filed against Dusty Hudson seeking

damages for personal injuries they and their son received when Hudson allegedly

struck them with a vehicle.[1] The Alstons contend that the trial court erred by ruling

---

[1] In Case No. A21A1030, the Alstons sued on their own behalf for their own injuries. In Case No. A21A1031, Darren sued in his individual capacity and as guardian of his minor son who was also allegedly injured when his mother pushed him out of the way of Hudson's vehicle. Each case was dismissed in a separate but nearly identical order. The issues in each case are the same, so we have consolidated the cases on appeal.

that their actions were not renewable under OCGA § 9-2-61 (a) because their original suits were void for lack of service and the statute of limitation had expired. We disagree and affirm.

The relevant record is undisputed and shows that in March 2019, the Alstons filed a complaint on their own behalf and a complaint on behalf of their minor son alleging that Hudson had injured them in March 2017 while he was in the process of stealing a car. They were not able to easily serve Hudson, and in November 2019, the Alstons voluntarily dismissed both complaints without prejudice.

In February 2020, the Alstons filed renewal actions in both cases, personally serving Hudson that month. In March and April 2020, the Alstons' uninsured motorist carrier, Owners Insurance Company, filed answers in the respective cases, raising the lack of service of Hudson in the original actions, denying liability, and asserting a cross-claim against Hudson for subrogation. Also in April 2020, Owners filed motions to dismiss each case on the ground that the renewal actions were outside the two-year statute of limitation[2] and could not relate back to the original action because service was not perfected on either Hudson or Owners in the original action.

---

[2] See OCGA § 9-3-33 (establishing a two-year statute of limitation for personal injury). The Alstons did not challenge the applicability of the two-year statute of limitation in the trial court, nor do they on appeal.

2

The Alstons opposed the motions, and after an electronic hearing in November 2020, the trial court entered orders the following month dismissing the two cases on identical grounds. Specifically, the court ruled that the original lawsuits were never made into "valid actions" for purposes of renewal under OCGA § 9-2-61 because they were never served on Hudson.

The Alstons appeal the dismissals, arguing that they are entitled to renew their actions despite not achieving service in the original actions because the lack of service rendered them merely voidable instead of void.[3] We disagree.

The Alstons' cause of action arose when they were allegedly injured on March 16, 2017, and after voluntarily dismissing their suits on November 25, 2019, without having served Hudson or Owners, the Alstons attempted to renew the actions in February 2020, nearly three years after Hudson allegedly injured them.

The Alstons rely on OCGA § 9-2-61 (a), which provides, in relevant part:

> When any case has been commenced . . . within the applicable statute of limitations and the plaintiff discontinues or dismisses the same, it may be recommenced . . . either within the original applicable period of limitations or within six months after the discontinuance or dismissal,

---

[3] We review this question de novo. See *Durland v. Colotl*, 359 Ga. App. 170, 172 (1) (855 SE2d 83) (2021).

whichever is later, . . . ; provided, however, if the dismissal or discontinuance occurs after the expiration of the applicable period of limitation, this privilege of renewal shall be exercised only once.

Georgia case law holds that this Code section "applies only to actions that are valid prior to dismissal. To constitute a valid action, the complaint must be served personally on the defendant. Thus, the original suit is void if service was never perfected [because] the filing of a complaint without perfecting service does not constitute a pending suit."[4] This is true despite a plaintiff's diligent attempts to serve the defendant before voluntarily dismissing the action.[5]

To avoid this established law, the Alstons rely on *Hobbs v. Arthur*,[6] addressing two cases in which service *was* perfected in the original suit, but it occurred after the statute of limitation, and the defendant raised the issue of diligence with respect to service in the *original* action.[7] In that circumstance, *Hobbs* held that the diligence of

---

[4] (Citation and punctuation omitted.) *Stephens v. Shields*, 271 Ga. App. 141, 142 (608 SE2d 736) (2004).

[5] See id.

[6] 264 Ga. 359 (444 SE2d 322) (1994).

[7] See id. at 360 ("The renewal suit is an action de novo. As such, the procedural prerequisites of filing the renewed complaint and service of process must be met anew.") (citation omitted).

4

service in the original suit is not relevant to the viability of an otherwise proper renewal action: "[I]nasmuch as diligence in perfecting service of process in [a renewal] action properly refiled under OCGA § 9-2-61 (a) must be measured from the time of filing the renewed suit, any delay in service in a valid first action is not available as an affirmative defense in the renewal action."[8] But most salient to the issue before us now, the original actions in *Hobbs* were not deemed void because the plaintiffs *had* served the defendant in the original actions before the cases were dismissed.[9]

Here, by contrast, the Alstons never served Hudson or Owners in their original actions. It remains true that "[t]he original suit is void if service was never perfected [because] the filing of a complaint without perfecting service does not constitute a pending suit."[10] Therefore, the trial court correctly ruled that these cases could not be renewed under OCGA § 9-2-61 (a) outside the statute of limitation because the

---

[8] Id. at 360-361.

[9] See id. at 361.

[10] Id. at 360.

actions were not made "valid" through service before they were dismissed.[11]

Accordingly, the Alstons' argument presents no basis for reversing the trial court's

dismissal of the present renewal actions.

*Judgments affirmed. Reese and Brown, JJ., concur*.

---

[11] See S*tephens*, 271 Ga. App. at 142. See also *Durland*, 359 Ga. App. at 172 (1) ("[T]he renewal statute applies only to actions that are valid prior to dismissal. To constitute a 'valid action,' the complaint must be served . . . on the defendant.") (punctuation omitted), citing *Hobbs*, 264 Ga. at 360 and quoting *Hudson v. Mehaffey*, 239 Ga. App. 705, 706 (521 SE2d 838) (1999); *Brasile v. Beck*, 312 Ga. App. 77, 78 (2) (717 SE2d 677) (2011), overruled on other grounds by *Ragan v. Mallow*, 319 Ga. App. 443, 447 (744 SE2d 337) (2012).